FLORA COLLINS *v*. CITY OF MERIDEN ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 234632
NEW HAVEN AT MERIDEN

Memorandum filed July 30, 1990

*William F. Dezinno,* for the plaintiff.

*Cooney, Scully & Dowling,* for the defendant commissioner of transportation.

*Corporation counsel of the city of Meriden,* for the named defendant.

GAFFNEY, J. The defendant commissioner of transportation (commissioner) has moved to dismiss the plaintiff's action against him on the ground of lack of subject matter jurisdiction. Practice Book § 143 (1). The action stems from a fall the plaintiff allegedly sustained on a public sidewalk in the city of Meriden. The action against the commissioner is based on the so-called defective highway statute, General Statutes § 13a-144. The parties agree that there is no genuine issue of mate-

rial fact and that an evidentiary hearing is not required. *Kingsley* v. *Sadi International Co.,* 5 Conn. App. 76, 78–79, 496 A.2d 986 (1985).

The commissioner's attack on the action is two-pronged: he alleges, first, that the statutory notice is insufficient as a matter of law, and, second, that the action was not commenced within the two year period mandated under the statute.

The plaintiff's position is that the statutory requirement of notice has been met, and that, although she was late by one day in the service of process, she is absolved of any resulting consequences under General Statutes § 52-593a. That statute permits service of process within fifteen days of its delivery to the office of any sheriff, provided that delivery is made within the limitation period. The commissioner does not dispute delivery and service as prescribed by § 52-593a, but denies its legal applicability in the present action.

"It is well established that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." *Duguay* v. *Hopkins,* 191 Conn. 222, 227, 464 A.2d 45 (1983). The defective highway statute, § 13a-144, is one such exception to the sovereign immunity doctrine. "[B]ecause the state has permitted itself to be sued in certain circumstances, [however, it is a] . . . well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." (Citations omitted.) *White* v. *Burns,* 213 Conn. 307, 312, 567 A.2d 1195 (1990).

Section 13a-144 provides, inter alia, that no action may be brought under that statute unless a written notice is given, containing certain prescribed informa-

tion, including the cause of the injury and the place of its occurrence. " 'The obvious purpose of this requirement is that officers of [governmental agencies] against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently.' *Shaw* v. *Waterbury,* 46 Conn. 263, 266 [1878]." *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152 (1952). "If this purpose is to be served the 'cause' of the injury which is required to be stated must be interpreted to mean the defect or defective condition of the highway which brought about the injury." *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401, 167 A. 826 (1933).

An examination of the plaintiff's written notice reveals the claimed cause of her injuries to be a defective and improper condition of the sidewalk, located "adjacent to the front of the premises known as 243 West Main Street, Meriden, Connecticut."

A description of the cause of injuries as a defective and improper condition on a sidewalk in front of a street address, which may well encompass a broad area, clearly lacks the specificity to permit a respondent's intelligent inquiry. In short, the court finds that the notice fails to pass the threshold test of validity in that it is patently vague as to both the cause and the place of the injury. *Zotta* v. *Burns,* 8 Conn. App. 169, 173, 511 A.2d 373 (1986).

The giving of the required statutory notice is a condition precedent to the plaintiff's action against the state; *Ozmun* v. *Burns,* 18 Conn. App. 677, 680, 559 A.2d 1143 (1989); a condition that the plaintiff here has failed to meet.

Section 13a-144 expressly provides that "[n]o such action shall be brought except within two years from the date of such injury . . . ." As noted above,

§ 13a-144 created a cause of action "wholly unauthorized by the common law." *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 371, 143 A.2d 454 (1958). Where, as here, a statute contains a specific time limitation, the remedy created exists only during the prescribed period and not thereafter. *Ecker* v. *West Hartford,* 205 Conn. 219, 232, 530 A.2d 1056 (1987). Moreover, " ' "[i]n such situations the [limitation period] is considered substantive or jurisdictional rather than procedural or personal." ' " *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* 167 Conn. 509, 511, 356 A.2d 144 (1975). In short, "the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself . . . ." *Ecker* v. *West Hartford,* supra.

The plaintiff's argument that the two year limitation period may be extended through compliance with the provisions of § 52-593a is not devoid of all merit, and peripheral support for her claim may be found in our case law. *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 5, 363 A.2d 1386 (1975); *Mario* v. *Conservation Commission,* 33 Conn. Sup. 172, 176–77, 367 A.2d 698 (1976). What is controlling, in the view of this court, however, is the court's obligation to construe § 13a-144 strictly so that the state's sovereign immunity will not be undermined. *DeFonce Construction Corporation* v. *State,* 198 Conn. 185, 188, 501 A.2d 745 (1985). In other words, " '[n]o statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express.' *Dennis* v. *Shaw,* 137 Conn. 450, 452, 78 A.2d 691 (1951), quoting *Shaw* v. *Railroad Co.,* 101 U.S. 557, 565, 25 L. Ed. 892 (1879)." *Yale University School of Medicine* v. *Collier,* 206 Conn. 31, 37, 536 A.2d 588 (1988).

"From a very early date in this state the time when the action is regarded as having been brought is the date of service of the writ upon the defendant." *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109, 20 A.2d 621 (1941); *McGaffin* v. *Roberts,* 193 Conn. 393, 401 n.9, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985). The plaintiff's complaint alleges a cause of action that accrued on October 19, 1987. In her memorandum of law she concedes, and the sheriff's return reflects, that service of process did not occur until October 20, 1989. The plaintiff failed to bring her action within two years of the date of her injury as required under the statute, and the action is therefore jurisdictionally defective. *Diamond National Corporation* v. *Dwelle,* 164 Conn. 540, 546–47, 325 A.2d 259 (1973).

For the reasons stated above, the commissioner's motion to dismiss is granted on both grounds.