[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Should the Court grant the defendant's motion to dismiss the plaintiff's complaint on the grounds that: (1) the Court does not have jurisdiction over the subject matter of the claim because the named defendant, the State of Connecticut, Department of Transportation, has not consented to the suit and waived its sovereign immunity; (2) the notice of the claim does not meet statutory requirements.
The Court must dismiss the plaintiff's complaint because the claim is barred by sovereign immunity and thus the Court lacks subject matter jurisdiction over the claim. Although the complaint should be dismissed, the Court finds that the notice of the claim was adequate.
FACTS
The plaintiff, Paul B. Lussier, Jr., is the administrator of the estate of Gaye D. Lussier. On January 1, 1990, the plaintiff's decedent was travelling south on Route 617 in North Stonington, Connecticut. At some point on Route 617, near a crossing over the Shunock River, the plaintiff's decedent's vehicle allegedly slid off the road due to icy conditions. The vehicle allegedly struck guard rails on the northbound side of Route 617, bounced off CT Page 10437 said rails and slid down an embankment on the east side of Route 617. The vehicle flipped over and came to rest, upside down, in the Shunock River. Apparently incapacitated by the force of the collision, the plaintiff's decedent was unable to escape her vehicle and drowned.
The plaintiff filed a complaint on January 7, 1992.
The writ of summons lists the "defendant" as:
 State of Connecticut, Department of Transportation, by serving the commissioner of the Department of Transportation, Emil H. Frankel, 24 Wolcott Hill Rd., Wethersfield, CT 06109.
The caption of the complaint reads:
 Paul B. Lussier, Jr., Administrator of the Estate of Gaye D. Lussier vs. Emil H. Frankel, Commissioner of Transportation of the State of Connecticut.
The complaint itself asserts that the action is being brought pursuant to General Statutes Sections 52-55 and52-599. The plaintiff alleges in the complaint that:
 (1) The defendant or his predecessor was Commissioner of Transportation of the State of Connecticut at all times relevant to the action.
 (2) The commissioner is responsible for the maintenance of public roads.
(3) Route 617 is a public highway.
 (4) The plaintiff's decedent's injuries and resulting death were due to the negligence and carelessness of the defendant in that the defendant violated his statutory duties. CT Page 10438
The plaintiff further alleges that as a result of the defendant's negligence, the plaintiff incurred medical and burial expenses. The plaintiff seeks appropriate damages.
Attached to the complaint as "Exhibit A" is a copy of the notice the plaintiff sent to then commissioner of transportation, William J. Burns. The notice reads as follows:
 TO WILLIAM J. BURNS COMMISSIONER DEPARTMENT OF TRANSPORTATION IN COMPLIANCE WITH SEC. 13a-144 OF THE CONNECTICUT GENERAL STATUTES THE FOLLOWING NOTICE IS BEING REPORTED TO YOU. ON JANUARY 11, 1990 AT APPROXIMATELY 7:40 A.M. GAYE D. LUSSIER WAS KILLED FROM INJURIES RECEIVED IN A ONE CAR ACCIDENT THAT OCCURRED ON RTE. 617 (ALSO KNOWN AS THE RTE. 49 ACCESS RD.) IN THE TOWN OF NORTH STONINGTON, CT. OPERATOR LUSSIER LOST CONTROL OF HER VEHICLE DUE TO ICY ROAD CONDITIONS. VEHICLES BUMPER AFTER STRIKING THE GUARD RAILS CAUSE VEHICLE TO FLIP OVER DOWN AN EMBANKMENT COMING TO REST UPSIDE DOWN IN THE SHUNOCK RIVER. CAUSE OF DEATH WAS ATTRIBUTED TO DROWNING.
 SUBMITTED THIS DATE OF MARCH 1990
SIGNED
Service of the complaint was made on Jane S. Scholl, Associate Attorney General and Linda Laporte, senior clerk at the office of Commissioner, Department of Transportation, State of Connecticut.
CT Page 10439 On May 14, 1992, the defendant, State of Connecticut, Department of Transportation, moved to dismiss the complaint on the grounds that (1) the cause of action is barred by the state's sovereign immunity and (2) the notice of the claim is defective. In its memorandum of law in support of the motion, the defendant argues that, as a result of these defects, the Court lacks subject matter jurisdiction over the claim.
The defendant argues first that General Statutes Section 13a-144 requires that claims arising from accidents on public roads be brought against the Commissioner of the Department of Transportation. Since the suit in the instant case named the State of Connecticut, Department of Transportation, as the defendant in the Summons, the defendant argues that the plaintiff has not met the strict requirements of the statute. Therefore, the defendant argues that the claim is barred by sovereign immunity and the Court must dismiss the complaint because it lacks subject matter jurisdiction.
The defendant argues second that even if the suit is not barred by sovereign immunity, the notice of the claim does not meet the requirements of General Statutes Section13a-144. Specifically, the defendant argues that the notice does not sufficiently state the information required for the Commissioner to investigate the accident and surrounding circumstances. Since notice is a jurisdictional issue, the defendant argues that the Court must dismiss the claim for lack of adequate notice.
On June 2, 1992, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss. The plaintiff argues first that naming the State of Connecticut, Department of Transportation, as the defendant in the Summons is a mere circumstantial defect and does not affect subject matter jurisdiction. The plaintiff argues further that the caption of the complaint and the allegations contained therein adequately name the Commissioner of Transportation as the defendant in compliance with General Statutes Section 13a-144.
The plaintiff argues second that the notice is adequate given the particular factual circumstances surrounding the accident. CT Page 10440
On July 2, 1992, the defendant filed a reply to the plaintiff's memorandum. The reply reiterated the arguments the defendant made in its earlier memorandum.
DISCUSSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682,687, 490 A.2d 509 (1985).
"Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong." Bank of Babylon v. Quirk,192 Conn. 447, 449, 472 A.2d 21 (1984). "`A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power.'" (citations omitted.) Castro v. Viera,207 Conn. 420, 427, 541 A.2d 1216 (1988).
When the motion to dismiss does not seek to introduce facts beyond the record, it admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983). Where appropriate, a party shall file supporting affidavits as to facts not apparent on the record. Practice Book Section 143. Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. Barde v. Board of Trustees of Regional Community Colleges, 207 Conn. 59, 60, 539 A.2d 1000 (1988).
A. Sovereign Immunity.
Sovereign immunity affects subject matter jurisdiction and can be asserted in a motion to dismiss. Barde, supra, 62.
It is well recognized in Connecticut that the state is immune from suit unless the General Assembly, by appropriate legislation, authorizes suits against the state, or the state consents to be sued. LaCasse v. Burns, 214 Conn. 464, CT Page 10441 468, 572 A.2d 357 (1990). Notwithstanding, the general bar to suit against the state has been modified by statute. Krozser v. New Haven, 212 Conn. 415, 420-21,562 A.2d 1080 (1989). Still, statutes "`in derogation of sovereignty should be strictly construed in favor of the state so that its sovereignty may be upheld and not narrowed or destroyed. . . .'" (citations omitted). Spring v. Constantino, 168 Conn. 563, 570, 362 A.2d 871 (1975). "Where there is any doubt about their meaning and intent they are given the effect which makes the least rather than the most change in sovereign immunity." White v. Burns, 213 Conn. 307,312, 567 A.2d 1195 (1990).
General Statutes Section 13a-144 provides, in pertinent part, that:
 Any person injured in person . . . through the neglect or default of the state or any of its employees by means of any defective highway, bridge, or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such road . . . or, in the case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
The plaintiff filed a complaint on January 7, 1992.
The writ of summons lists the "defendant" as:
 State of Connecticut, Department of Transportation, by serving the commissioner of the Department of Transportation, Emil H. Frankel, 24 Wolcott Hill Rd., Wethersfield, CT 06109.
The plaintiff argues that naming the state Department of Transportation as defendant in the writ of summons instead of the Commissioner of Transportation is a CT Page 10442 mere defect in process and as such does not affect subject matter jurisdiction. In making this argument, the plaintiff fails to recognize the role of the summons in civil process. "`In ordinary usage of the term, [a summons is the] original process upon a proper service of which an action is commenced and the defendant therein named is brought within the jurisdiction of the court. . . .' Ballentine's Law Dictionary (3d Ed.). A summons is part of a citation. `The citation . . . is a command to a duly authorized officer to summon the [defendant] . . . to appear in court. . . .'" (citations omitted.) State v. One 1981 BMW Automobile, 5 Conn. App. 540,543-44, 500 A.2d 961 (1985). This statement of the law makes it clear that the defendant to the action is named in the writ of summons.
In a similar case, Duguay, supra, the plaintiff brought suit under a statute comparable to General Statutes Section 13a-144 in that it authorized suit to be brought against the commissioner of the responsible agency. In that case, the plaintiff named the State of Connecticut, the Southbury Training School and the Commissioner of Mental Retardation in its suit. The court dismissed the complaint as to the state and the school holding that:
 The commissioner of mental retardation is the only state defendant named in Section 19a-24 against whom suit could be brought in his official capacity for actions performed within the purview of this case. The court's decision to dismiss the plaintiff's complaint was, therefore, error only as to the defendant commissioner of mental retardation, but not as to the defendants, the State of Connecticut and the Southbury Training School.
Duguay, supra, 232.
In the instant case, the plaintiff named the State of Connecticut, Department of Transportation, as the defendant and not the Commissioner of Transportation as required under General Statutes Section 13a-144. The statute allowing suit against the state is in derogation of sovereign immunity and its requirements are to be strictly construed. CT Page 10443 Further, because the plaintiff has not met the statutory requirement that suits against the state for accidents on public roads be brought against the Commissioner of Transportation, the state's sovereign immunity remains in place as a bar to the claim. Therefore, the Court lacks jurisdiction to hear the claim.
The plaintiff argues that even if the defect in the writ affects subject matter jurisdiction, the defect is a mere circumstantial defect. Further, the plaintiff argues that the allegations and the caption in the complaint clearly indicate that the Commissioner of Transportation is the intended defendant. Thus, the plaintiff argues that naming the wrong defendant in the writ of summons should not be a basis for dismissal. In support of its position, the plaintiff points to Pack v. Burns, 212 Conn. 381, 562 A.2d 24
(1989). In that case, the plaintiff brought suit under General Statutes Section 13a-144 and named the "State of Connecticut Transportation Commission" as defendant. The court held that this defect was not fatal because it "is evident that the plaintiff intended to sue the commissioner of transportation and that the commissioner knew that he was the intended defendant. . . ." Id., 385-86.
The instant case can be distinguished from Pack, supra. In Pack, supra, service was made directly on an individual authorized to receive service for the Commissioner of Transportation. In the instant case, service was made on an individual authorized to receive service for the Department of Transportation and not for the Commissioner. Further, the plaintiff in Pack attempted to cite in the Commissioner as a defendant. The plaintiff did not attempt to cite in the Commissioner in the instant case. Finally, the defendant named in Pack was non-existent. In the instant case, the defendant named by the plaintiff is a real entity and is capable of being sued in other actions. The manner in which the defendant was named in the instant case is qualitatively different than the manner in which the defendant was named in Pack. Therefore, the rule of law from Pack cannot be applied to the instant case where it is not "evident" that the commissioner was the "intended" defendant.
B. The adequacy of the notice of the claim.
General Statutes Section 13a-144 states, in CT Page 10444 pertinent part, that:
 No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of occurrence has been given in writing within ninety days thereafter to the commissioner.
"The obvious purpose of the requirement [of Section13a-144] is that so officers of municipal corporations, against which suits for injuries are about to be instituted, can have such precise information as to the time and place as will enable them to inquire into the facts of the case intelligently." Ozmun v. Burns, 18 Conn. App. 677, 680,559 A.2d 1143 (1989). "The question of adequacy of notice `is one for the jury and not for the court, and the cases make it clear that this question must be determined on the basis of the facts of the particular case.'" Zotta v. Burns, 8 Conn. App. 169,173, 511 A.2d 373 (1986), quoting Morico v. Cox,134 Conn. 218, 223, 56 A.2d 522 (1947). However, before submitting this question to the jury, "the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet' the statutory requirements." Zotta, supra, 173, quoting Morico, supra, 223.
The notice in the instant case described the accident as follows:
 On January 11, 1990, at approximately 7:40 A.M. Gaye D. Lussier was killed from injuries received in a one car accident that occurred on Rte. 617 (also known as the Rte. 49 access Rd.) in the town of North Stonington, Ct.
 Operator Lussier lost control of her vehicle due to icy road conditions. Vehicles bumper after striking the guard rails cause vehicle to flip over down an embankment coming to rest upside down in the Shunock River.
CT Page 10445 Cause of death was attributed to drowning.
This description lacks several important details relating to the exact location of the alleged ice, the point at which the vehicle left the roadway, and the location of the guard rails into which the vehicle collided. Cases have held that vague descriptions of the location of the alleged defect are fatal to the notice. Schapp v. Meriden, 139 Conn. 254,255-57, 93 A.2d 154 (1952); Collins v. Meriden,41 Conn. Sup. 425, 580 A.2d 549 (1990, Gaffney, J.). However, in Tierney v. Burns, 1 Conn. L. Rptr. 645 (May 21, 1990, Aronson, J.), the court held that the notice was sufficient "as it is alleged that the [ice] covered the entire roadway . . . unlike those cases involving an isolated patch of ice, which may require a greater degree of specificity."
The Court finds that the notice in the instant case is unclear as to the extent of the alleged ice covering. Further, such an omission from the notice, coupled with the other omissions of detail noted above, impacts on the defendant's ability to make an "intelligent inquiry" into the accident. Collins, supra. (It is noted for the court the grammatical structure of the notice compounds the problem of the lack of specificity and further clouds the description of the accident.)
Notwithstanding, "[t]his requirement as to notice was not devised as a means of placing difficulties in the path of an injured person." LoRusso v. Hill, 139 Conn. 554,557, 95 A.2d 698 (1953). Further:
 It is obvious that in many cases exactness of statement as to place cannot be expected, for excitement and disturbance caused by the accident . . . make it impossible to observe with any carefulness the place where the accident occurs, and often the person injured is unable to revisit the places within the time allowed by the statute for giving notice. In such cases reasonable definiteness is all that can be expected and should be required.
CT Page 10446 Judd v. New Britain, 81 Conn. 300, 304, 70 A. 1028 (1908), quoting Tuttle v. Winchester, 50 Conn. 496, 498 (1883). Precision in description is especially difficult when the person in the accident dies at the scene of the accident, apparently without anyone witnessing the accident. Therefore, the Court finds that if viewed in context of the particular facts of this case, the notice as given is not patently defective and the claim should not be barred on the ground of defective notice.
Notwithstanding the adequacy of the notice, the claim is barred by sovereign immunity because the plaintiff brought suit against a department of the state that has not waived its sovereign immunity. Therefore, the Court lacks subject matter jurisdiction over the claim and the complaint is hereby dismissed.
Hurley, J.