[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff has instituted this action against the named defendant in his capacity as commissioner of transportation for the State of Connecticut and Tilcon, Inc., a corporation employed by the commissioner to perform repairs, construction and maintenance on state highways, in connection with injuries allegedly sustained by her in a one car motor vehicle accident on Route 15 in Wallingford. The named defendant has moved to dismiss the case against him on the basis of his claim that this court lacks subject matter jurisdiction due to the insufficiency of the notice given him purportedly pursuant to General Statutes § 13a-144. In particular, Frankel claims: 1) that the complaint is fatally defective because it fails to recite verbatim or to append to it a copy of the §13a-144 notice; 2) that the complaint is defective because it fails to allege that Frankel's actions were the "sole proximate cause" of her injuries; and 3) that the notice itself "violates the specificity requirements of § 13a-144".
As to the first claim, although the plaintiff neither recited the text of the notice in her complaint nor appended a copy of the notice to the complaint, she did recite the fact of its having been given. The plaintiff has thus alleged that she has given the requisite notice. Should the defendant wish to deny this, the plaintiff would need to prove the giving of notice at trial. Should it fail to do so, the defendant will then be entitled to judgment. Barteis v. Windsor, 134 Conn. 569
(1948). The defendant has not, however, shown that the mere failure to recite the notice verbatim in her complaint or to append it thereto is a fatal jurisdictional defect entitling it to dismissal.
Similarly, as to the second issue, although the plaintiff must in fact prove that the State's breach of its duty to maintain the highways was the sole proximate cause of her injuries in order for her to recover against it, the failure to recite this talismanic CT Page 10473 phrase is not a jurisdictional defect. See Pasqua v. Purvis, No. CV89-0097954S (March 21, 1995) Ct. Sup. 2606 (1995) (Dean, J.) and cases cited therein. The allegations of the defendant's breach of statutory duty contained within paragraph six of the first count of the complaint, the claim that her injuries were the "direct and proximate result" of the incident described in the complaint, and the allegation, contained within paragraph five of the first count, that "the plaintiff was in the exercise of due care", all combine to allege sufficiently the claim that the defendant's actions were the sole proximate cause of her injury.
As to the third issue, however, the plaintiff's § 13-144 notice described the location of the incident as "southbound on Route 15 in Wallingford, Connecticut between Exits 64 and 65. Ms. Marchese was caused to lose control of her vehicle due to uneven pavement as the result of road construction and/or resurfacing in this area." In her own affidavit, attached to her counsel's memorandum of law in opposition to this motion to dismiss, the plaintiff acknowledges that this construction area "may have continued for a mile or more before the place where my car finally came to rest and for some distance beyond that."
The notice requirement of § 13a-144 has been discussed in great detail in Lussier v. Department of Transportation,228 Conn. 343, 636 A.2d 808 (1994) and Warkentin v. Burns, 223 Conn. 14,610 A.2d 1287 (1992), and there is no need to repeat that discussion here. It is worth reiterating, however, that the purpose of a § 13-144 notice is "to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made." LoRussov. Hill, 139 Conn. 554, 557, 95 A.2d 698 (1953). "The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit." Morico v. Cox, 134 Conn. 218, 223,56 A.2d 522 (1947). "The purpose of the requirement of notice is `to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.' Cassidy v. Southbury, 86 Conn. 45,49, 84 A.2d 291 (1912)"; Morico v. Cox, supra.
Plaintiff appears to argue that, given the "transient" CT Page 10474 nature of the repair work, more specific notice was not required, and she likens her situation to that of the plaintiff in Lussierv. Department of Transportation, supra, in which the Supreme Court tolerated a certain lack of specificity in the notice in light of the facts that the plaintiff was killed in the accident and that the accident was allegedly due to a transient patch of ice. As previously noted, however, the purpose of notice is not just to enable a potential defendant to correct a dangerous situation but also to investigate it in order to protect itself in the event of a lawsuit. Alleging a location that could have been anywhere within a one mile or more stretch of highway gives this defendant no reasonable opportunity to protect his interests and is patently defective. Zotta v. Burns, 8 Conn. App. 169, 173 (1986). Many courts have held notices far more specific than this one to have been defective. See e.g., Schaap v. Meriden, 139 Conn. 254 (1952).DiMaggio v. New London, 14 Conn. Sup. 106 (1946); Collins v. Meriden,41 Conn. Sup. 425, 427, 580 A.2d 549 (1990), Tedesco v. StateDepartment of Transportation, 1993 Ct. CaseBase 6287 (Pickett, J.) (June 23, 1993).
Because the notice's lack of specificity as to location renders it "patently defective", this court is deprived of subject matter jurisdiction, and the motion to dismiss the case against the defendant Emil Frankel is granted.
Jonathan E. Silbert, Judge