[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Austin Schofield, filed a complaint on July 5, 1995, alleging that he slipped and fell on the public walk at Bradley International Airport. He alleges that his fall was caused by the dangerous and defective condition of the walk and that he suffered a contusion, facial and oral trauma, a fractured tooth, bruised knee and ribs, sprained right hand and wrist and an injured back. Finally, the plaintiff alleges that the defendant received a written notice of the injury, its cause, and the time and place of its occurrence.
On August 3, 1995, the defendant, the Commissioner of Transportation, filed a motion for summary judgment. The defendant submitted a supporting memorandum of law and a copy of a letter from the plaintiff's wife to the defendant. The plaintiff filed an opposing memorandum of law and an opposing affidavit.
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to CT Page 13771 any material fact and that the moving party is entitled to judgment as a matter of law.'" (Internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "In passing on a motion for summary judgment, the trial court [is] limited to deciding whether an issue of fact exist[s]. . . ." (Internal quotation marks omitted.) Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). Furthermore, "the trial court must view the evidence in the light most favorable to the nonmoving party." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994).
In its memorandum in support of the motion for summary judgment, the defendant argues that there are no genuine issues of material facts as to whether the plaintiff complied with the notice requirement of General Statutes § 13a-144.
Section 13a-144 pertains to actions against the state for injuries sustained on state highways or sidewalks. That section provides, in pertinent part, that "[n]o such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner." General Statutes § 13a-144.
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. . . . Section 13a-144 creates a legislative exception to the common law rule and therefore must be strictly construed. . . . The statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists." Bresnan v. Frankel, 224 Conn. 23,24, 615 A.2d 1040 (1992).
"The requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose of notice is to furnish the commissioner with such information as will enable him to make a timely investigation of the facts upon which a claim for damages is being made. . . . The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. . . . Sufficiency of the notice is to be tested with reference to the CT Page 13772 purpose of the notice, i.e., that a claim is being made." (Citations omitted; internal quotation marks omitted.) Warkentinv. Burns, 223 Conn. 14, 18, 610 A.2d 1287 (1992).
"Ordinarily, the question of the adequacy of notice-is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet the statutory requirements." (Citations omitted; internal quotation marks omitted.) Id.
Specifically, the defendant argues that the plaintiff's notice was insufficient because it failed to state the cause of the injury and the place of the alleged accident. In support of its argument, the defendant filed a copy of the plaintiff's complaint which contained a copy of the purported notice. The notice, which was a letter from the plaintiff's wife addressed to the Commissioner of the Department of Transportation, stated the following: "My husband fell on the walkway at Bradley Airport on Tuesday, 9-27-94. The case # is 94-839. We wish to file a claim and would like to know what information we need and what procedure to follow. My husband cracked a tooth (which has now been pulled, the root, that is) but the replacement hasn't been done yet, he still has his hand in a brace and has been seen by the CHCP doctors and today will see an orthopedist, Dr. Slade. He still has pain and can't do a lot of things for himself."
The defendant argues that this notice fails to specify the cause of the accident. Section 13a-144 requires that notice be given of the cause of the injury. In Collins v. Meriden,41 Conn. Sup. 425 (July 30, 1990, Gaffney, J.), the court held that the plaintiff's description of the cause of her accident as a "defective and improper condition of the sidewalk" lacked the "specificity to permit a respondent's intelligent inquiry." Id., 427. The court concluded that "the notice fails to pass the threshold test of validity in that it is patently vague. . . ." Id. See also Nicholaus v. Bridgeport, 117 Conn. 398, 167 A. 826
(1933) (holding that notice was insufficient because it failed "entirely to state the cause of the plaintiff's fall and hence her injury" Id., 401).
The plaintiff's notice in the present case fails to describe the cause of the accident, and, therefore, the notice is legally CT Page 13773 insufficient.
The defendant also argues that the plaintiff's notice is insufficient because it fails to specify the location of the accident. Section 13a-144 requires that notice be given as to the place of the accident's occurrence. The notice states that the plaintiff fell on a "walkway at Bradley Airport."
In Bresnan v. Frankel, supra, 224 Conn. 23, where the "notice identified the location of the accident simply as `Route 14A, Plainfield, Connecticut,'" the court concluded that the "description narrowed the place of investigation to a highway approximately six miles in length . . . [and] such imprecise notice did not set forth the location with the specificity required to enable the commissioner to protect his interest, conduct inquiries and investigate the conditions at the location." Id., 26.
Furthermore, in Murray v. Commissioner of Transportation,31 Conn. App. 752, 626 A.2d 1328 (1993) the court held that the description of the location as "the northern curbline of route 22" was too general to provide the Commissioner with adequate notice. Id., 756. Similarly, in Collins v. Meriden, supra,41 Conn. Sup. 425, the court held that the description of a "sidewalk located `adjacent to the front of the premises known as 243 West Main Street, Meriden Connecticut,' . . . which may well encompass a broad area, clearly lacks the specificity to permit a respondent's intelligent inquiry." Id., 427. Thus, the court concluded that the notice "fails to pass the threshold test of validity." Id.
The Connecticut courts hold notice provided pursuant to §13a-144 to a high degree of specificity. Therefore, the plaintiff's notice, which identifies the location of the accident as a "walkway at Bradley Airport," fails to satisfy this degree of specificity. Thus, the plaintiff's notice patently fails to meet the statutory requirements.
In his memorandum in opposition, the plaintiff argues that under the circumstances of this case, his notice is sufficient to allow the Commissioner to intelligently inquire into the precise facts of this case. In support of his argument, the plaintiff filed his own affidavit and a report made by a Department of Transportation worker. CT Page 13774
The plaintiff's affidavit states that a Department of Transportation employee interviewed the plaintiff concerning the incident and indicated that there had been a previous accident in the same location earlier that day. The affidavit also states that when the plaintiff was leaving the airport he noticed orange pylons around the area where he had fallen. The plaintiff argues that this information indicates that the Commissioner had actual notice of the exact location of the fall and that this actual knowledge is "more than sufficient to allow the Commissioner to inquire into the facts of the case intelligently in order to protect the State's interests."
Even if the actual knowledge of the location of the accident was found to be sufficient, there is no evidence that the plaintiff notified the defendant of the cause of his fall. Therefore, the defendant's motion for summary judgment is granted because the plaintiff failed to comply with the statutory notice requirement.
Finally, it should be noted that the plaintiff argues that the defendant is estopped from claiming that the plaintiff's notice was defective because the conduct of his department led the plaintiff to believe his notice was sufficient. Specifically, the plaintiff argues that by sending him a letter indicating that they received his claim notice, that an investigation was ensuing and that any further inquiries be addressed to the insurance company, the defendant induced the plaintiff to believe that his notice was sufficient, that his claim would be processed and that he need not take any further action in regard to filing his claim.
"Estoppel against a governmental agency may be invoked only in limited instances and with great caution. . . . Under our well-established law, any claims of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position on those facts, thereby incurring some injury." (Citations omitted; internal quotation marks omitted.) Zotta v. Burns,8 Conn. App. 169, 175, 511 A.2d 373 (1986).
In Hood v. DiSturco, Superior Court, judicial district of New Haven at New Haven, Docket Nos. 28 86 23, 28 84 65 (2 Conn. L. Rptr. 230) (August 15, 1990, Flanagan, J.) the plaintiff argued CT Page 13775 that the defendant was estopped and had waived its right to statutory notice under § 13a-144. The plaintiff argued that the defendant was estopped because it had "acknowledged receipt of the notice and indicated the matter would be investigated by his insurer who thereafter advised it had received the state's investigation report." Id.
Quoting Zotta, the court in Hood held that "it was the plaintiff who failed to comply with notice requirements. It is not incumbent upon the State to `educate' the plaintiff. The instant matter is not one wherein the plaintiff was unable to assess the implications of his conduct or lacked the means of acquiring appropriate knowledge. . . .
The plaintiff has not alleged the elements necessary to establish that the defendant . . . is estopped from asserting the defense of insufficient notice under the applicable statute." (Citations omitted.) Id.
The plaintiff in the present case has failed to allege the elements necessary for estoppel. The plaintiff fails to allege that the Commissioner's letter was calculated or intended to induce him not to take further action. Moreover, the facts in the present case are similar to those in Hood and this court follows the reasoning of that case. Therefore, the defendant is not estopped from claiming insufficient notice.
Accordingly, the defendant's motion for summary judgment is granted.
Howard F. Zoarski, Judge