[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #104
The plaintiffs, Paul Fabiano and Anthony Fabiano, both operating separate motorcycles, collided with a motor vehicle operated by one Scott Grajewski,[1] in the intersection of Woodtick Road and Ransom Hill Road in the Town of Wolcott. The plaintiffs seek to recover damages from the Town of Wolcott pursuant to C.G.S. § 13a-149, for injuries arising from this accident which occurred on June 19, 1995. A notice of a §13a-149 claim was served on the Town Clerk of the defendant on September 19, 1995. Service of the writ, summons and complaint was made upon the Town Clerk for the defendant on June 20, 1997.
The defendant has filed this motion for summary judgment arguing that the notice required to be served pursuant to General Statutes § 13a-149 was untimely; and the plaintiffs' action CT Page 9401 was time bared by the applicable statute of limitations, General Statutes § 13a-149.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 744-45, 660 A.2d 810 (1995). "Summary judgment may be granted where the claim is barred by the statute of limitations."Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
Once the moving party has filed the appropriate documents, a party opposing the motion "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381." Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781, 555 A.2d 334
(1991). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The opposing party must "recite specific facts . . . which contradict those stated in the [movant's] affidavits and documents." Farrellv. Farrell, 182 Conn. 34, 39-40, 438 A.2d 415 (1980).
1. Notice
General Statutes § 13a-149 provides, in relevant part, that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town . . . unless written notice of such injury . . . shall, within ninety days thereafter be given to . . . the clerk of such town. . . ."
"The plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery." Sanzone v. Board of Police Commissioners,219 Conn. 179, 198, 592 A.2d 912 (1991). "The giving of the statutory written notice of injury is a condition precedent to the cause of action, whether the action is against the state or any CT Page 9402 subdivision thereof." (Internal quotation marks omitted.) Ozmunv. Burns, 18 Conn. App. 677, 680, 559 A.2d 1143 (1989).[2] See also Abru v. Seri, Superior Court, judicial district of Danbury, Docket No. 325013 (January 10, 1997) (Moraghan, J.); Roberts v.Town of Stonington, Superior Court, judicial district of New London at New London, Docket No. 535354 (January 2, 1996) (Austin, J.); Sims v. City of Stamford, Superior Court, judicial district of New Haven, Docket No. 325650 (August 13, 1993) (Zoarski, J.) (8 CSCR 1021) ("Statutory written notice within 90 days of the injury is a condition precedent to maintaining a cause of action under [§ 13a-149] and the absence of such notice bars recovery as a matter of law.").
According to the complaint, the injuries occurred on June 19, 1995. The defendant's Exhibit A, entitled "Notice of Injury Pursuant to Section 13a-149", attested to by the town clerk, bears a time stamp indicating that the notice was not received until Tuesday, September 19, 1995. The plaintiffs do not dispute this date of receipt. The plaintiffs rely, however, on Pratt v.Town of Old Saybrook, 225 Conn. 177, 621 A.2d 1322 (1993) for the proposition that § 13a-149 must be liberally construed, and thus notice mailed within, but received after, the 90 day notice requirement "for all practical purposes", satisfies the statute. The court disagrees.
"A close reading of Pratt demonstrates that the court held that the content of the required notice must be liberally construed because of the statutes' liberal saving clause. The issue here is not the liberal construction of the content of the notice but whether the notice can be given after the expiration of 90 days. That issue was never addressed in Pratt. Our Supreme Court has adopted a strict construction of the time requirement for filing the notice and has held that notice must be given within 90 days of the injury or suit is barred. See Sanzone,supra." Roberts v. Town of Stonington, supra. Under our highway statutes the requirement that notice be given contemplates that the notice be delivered and that simple mailing of the notice is not sufficient compliance with the requirements of the statute. See e.g. Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 237-38,56 A.2d 519 (1947).
In Rapid Motor Lines, Inc. v. Cox, supra, the Court stated that a notice mailed on the final day of the notice period was insufficient because the operative date for the "giving" of a notice is the date of receipt. Id., 237-38. "To accord it [this] CT Page 9403 meaning is the reasonable and natural interpretation, in view of the purpose of the provision, which, it must be held, is to fix a definite limit upon the time within which notice shall be received. . . . Any other construction would give rise to needless and undesirable uncertainty." Id.
In calculating the notice period, the day of the injury, in this case June 19, 1995, is to be excluded. Id., 237. The plaintiffs mailed the required notice on September 15, 1997. The defendant town, however, did not receive notice until Tuesday, September 19, 1995, 92 days after the alleged injury. The notice here was not timely in accordance with General Statutes §13a-149. Summary Judgment should enter on this issue alone.
2. Statute of Limitations
The defendant also argues that because the alleged injury occurred on June 19, 1995, the two year limitation period prescribed by General Statutes § 13a-149 expired on June 19, 1997. Since service was made upon the defendant on June 20, 1997, the defendant contends that the plaintiffs' action is now time barred. The plaintiffs' position is that although service of process was made one day late, their action against the defendant is still timely, being properly within the scope of General Statutes § 52-593a.
Pursuant to Tort Reform II, an action under the defective highway statute, § 13a-149, is a plaintiff's exclusive remedy against a town for damages for personal injuries sustained due to an allegedly defective road. See Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 192. Section 13a-149 provides, in relevant part: "No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury."
"In Connecticut, an action is commenced on the date of service of the writ upon the defendant." (Internal quotation marks omitted.) Hillman v. Greenwich, 217 Conn. 520, 527,587 A.2d 99 (1991). In the present case, the plaintiffs allege that their complained of injuries occurred on June 19, 1995. Thus, in order to comply with the statutory requirement that their action be commenced within two years from the date of injury, the plaintiffs' complaint must have been served on or before June 19, 1997. The sheriff's return of service indicates that service was made on the defendant on June 20, 1937, one day late. CT Page 9404
The plaintiffs contend, however, that their action is still timely, pursuant to General Statutes § 52-593a.[3] Pursuant to § 52-593a, an action is still considered timely where process has been delivered to a sheriff before the running of the statute of limitations, the serving officer attested to the date of delivery and the process is served within fifteen days of the date of delivery. See Zarillo v. Peck, 33 Conn. Sup. 676, 678,366 A.2d 1165, cert. denied, 171 Conn. 731, 357 A.2d 515 (1976);Cocco v. Preferred Mutual Ins. Co., 637 F. Sup. 94, 96 n. 6 (D. Conn. 1986).
The right of a plaintiff to recover for injuries sustained on an allegedly defective road or bridge is purely statutory. No such right existed at common law. Hillier v. East Hartford,167 Conn. 100, 104, 355 A.2d 1 (1974). Moreover, where a "specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter." Travelers Indemnity Co. v. Rubin, 209 Conn. 437,446, 551 A.2d 1220 (1988). "[I]n such situations the [limitation period] is considered substantive or jurisdictional rather than procedural or personal." Collins v. Meriden, 41 Conn. Sup. 425,428, 580 A.2d 549, 2 CONN. L. RPTR. 401 (1990). In short, "the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not the remedy alone." Ecker v. West Hartford,205 Conn. 219, 232, 530 A.2d 1056 (1987); see also Hillier, supra, 167 Conn. 106.
Two courts have addressed the relationship between General Statutes § 52-593a and the defective highway statutes:Collins v. Meriden, supra, 41 Conn. Sup. 425, 2 CONN. L. RPTR. 401, and Pierce v. NorthCanaan, Superior Court, judicial district of Litchfield, Docket No. 067137 (September 21, 1995) (Pickett, J.) (15 CONN. L. RPTR. 126). "In Collins, the plaintiff was one day late in serving process upon the defendant but had delivered her complaint to the sheriff prior to the running of the statute, which complaint was then served in compliance with Conn. Gen. Stat. § 52-593a. Noting its obligation to strictly construe statutes in derogation of the common law so as not to undermine sovereign immunity, the Court (Gaffney, J.) granted the Commissioner's motion to dismiss for the plaintiff's failure to meet the statutory requirements for commencing suit pursuant to [General Statutes § 13a-144]."Pierce v. North Canaan, supra. In Pierce, supra, the court applied this same rationale in a suit brought pursuant to General Statutes § 13a-149, holding that "because the plaintiff's CT Page 9405 cause of action is brought pursuant to Conn. Gen. Stat. §13a-149, a statute which abrogates the immunity of a town in the context of injuries occurring as a result of allegedly defective roads or bridges, the provisions of § 52-593a do not apply." The court finds these decisions persuasive and will also grant the Motion for Summary Judgment on this issue.[4]
For all of the reasons stated above the court will grant the defendant's Motion for Summary Judgment.
PELLEGRINO (J)