[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (NO. 114)
This personal injury case presents the question whether the general language of Conn. Gen. Stat. § 52-593a (a) (the "extension statute"), which allows process to be served after the period otherwise provided by law when it is personally delivered to the sheriff before the running of the statute of limitations and served within fifteen days of the delivery, applies to Conn. Gen. Stat. § 13a-149 (the "defective road statute"). Although two of my colleagues on the Superior Court have held that the answer is no, and that I must respectfully disagree with them and answer the question in the affirmative.
The plaintiff, Fred Wylie, claims in his complaint that he was injured by means of a defective road in New Haven on June 9, 1989. He brings this action under the defective road statute. That statute provides that, "No action . . . shall be brought except within two years from the date of such injury." The return in the file indicates that process was actually served on June 11, 1991. The defendant City of New Haven filed a motion to dismiss on September 4, 1997, claiming that the service was untimely and abrogated this Court's subject matter jurisdiction over the case. A hearing was held on October 14, 1997. It was stipulated at the hearing that process had been personally delivered to the sheriff on June 3, 1991, and served within fifteen days of delivery.
The extension statute provides that, "Except in the case of an appeal from an administrative agency governed by section4-183, a cause or right of action shall not be lost because of the CT Page 10385 passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." The plaintiff understandably relies upon this provision. If the language just quoted applies to the defective road statute, there can be no question that it is satisfied in this case. (The defendant does not contest this point.) As mentioned, however, two well-respected Superior Court Judges have concluded that the extension statute does not apply to statutes like the defective road statute.
In Collins v. City of Meriden, 41 Conn. Sup. 425,580 A.2d 549, 2 Conn. L. Rptr, 401 (1990), Judge Gaffney considered an action brought against the state commissioner of transportation pursuant to Conn. Gen. Stat § 13a-144 (the "defective highway statute"), which contains a two year limitation provision analogous to that of the defective road statute. The problem facing Judge Gaffney was essentially the one presented in this case. Delivery of process had been made to the sheriff before the running of the statute of limitations, but actual service had been made shortly afterwards. Judge Gaffney found the action to be jurisdictionally defective. He reasoned that, because the defective highway statute created a cause of action unauthorized by the common law and contains its own specific time limitation, the limitation period is substantive rather than procedural. The court has an "obligation to construe § 13a-144 strictly so that the state's sovereign immunity will not be undermined." 41 Conn. Sup. at 428. Moreover, the time when an action is "brought" is the date of actual service on the defendant. Id. at 429. The defective highway statute was, in this view, not complied with.
In Pierce v. Town of North Canaan, 15 Conn. L. Rptr. No. 4, 126 (October 30, 1995), a case with similar facts brought under the defective road statute, Judge Pickett found Collins to be persuasive. The remedy provided by the defective road statute "exists only during the time indicated by the statute and not thereafter." Consequently, Judge Pickett concluded, the provisions of the extension statute do not apply to the defective road statute.
In my view, Collins and Pierce give inadequate weight to the controlling statutory text and to Supreme Court precedent bearing directly on the issues presented. The extension statute is a CT Page 10386 statute of general application. It facially applies to any "cause or right of action." A defective road statute action is plainly a "cause or right of action." Significantly, the extension statute contains one (and only one) specific exception. The statute is generally applicable, "[e]xcept in the case of an appeal from an administrative agency governed by section 4-183." This exception, enacted by 1988 Conn. Acts 88-317, § 29, indicates that the legislature knows how to exempt specific statutory causes of action from the general ambit of the extension statute when it intends to do so. The fact that it has not exempted actions brought under the defective road statute is convincing evidence that it has not intended to do so.
To this textual consideration must be added the fact that our Supreme Court has explicitly stated that there is no jurisdictional bar to the use of the extension statute to save service of process in a statutory action brought against a governmental entity. In Norwich Land Co. v. Public UtilitiesCommission, 170 Conn. 1,363 A.2d 1386 (1975), decided before the administrative appeal exception to the extension statute had been enacted, the Court noted that the plaintiff in an administrative appeal has "the option of delivering the process within the time limited to an officer authorized to serve it, as provided in § 52-593a of the General Statutes." 170 Conn. at 5. The same arguments made in this case with respect to the defective road statute — that it creates an action unauthorized by common law and that it contains its own substantive statute of limitation — could plainly be made with respect to the administrative appeal statute. The Supreme Court nevertheless indicated that the extension statute is available in such cases.
Lacasse v. Burns, 214 Conn. 464, 572 A.2d 357 (1990), also bears on the problem at hand. Lacasse holds that the accidental failure of suit statute, Conn. Gen. Stat. § 52-592, can be appropriately employed by a plaintiff in a defective highway action. The court acknowledged that the defective highway statute implicates questions of sovereign immunity. It held, however, that that principle was inapplicable to the issue before it, "since the question in these cases is not whether the state's monetary liability can be expanded beyond that provided by a statute permitting the state to be sued, but, rather, is subject to procedural statutes applicable to all other litigants."214 Conn. at 469. The court answered the latter question in the affirmative. Id. That answer is of obvious importance in this case. I understand that the defendant in Lacasse had been timely CT Page 10387 served in the original action and could thus be said to be properly involved in the action in the first place and thus subject to the general rules of litigation. Norwich Land Co. v.Public Utilities Commission, however, indicates that this difference is not dispositive. The extension statute can be appropriately used by a litigant bringing a statutory action against a governmental entity in the first place.
These authorities indicate that the defective road statute, like all statutes (other than the administrative appeal statute) creating causes of action, must be construed with the extension statute in mind. "[T]he legislature is presumed to have created a consistent body of law." M. DeMatteo Construction Co. v. City ofNew London, 236 Conn. 710, 715, 674 A.2d 845 (1996). (Internal quotation marks and citation omitted.) The defective road statute provides that, "No action . . . shall be brought except within two years from the date of such injury." The word "brought" is not a term of special significance. There is no distinction between "commencing" and "bringing" an action. Lacasse v. Burns,supra, 214 Conn. at 476. The extension statute is part of the generally applicable law of our state that determines when a cause of action has been appropriately commenced. That statute can be appropriately employed in determining when defective road actions have been timely "brought."
Because the plaintiff's action is appropriately saved by the extension statute, the motion to dismiss must be denied.
Jon C. Blue, Judge.