[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION TO DISMISS #109
The plaintiff was injured when he was struck by snow and ice that fell off a building owned by the defendant Lombard Realty ("Lombard"). Lombard has filed an apportionment complaint against the architectural firm that designed its building claiming the plans prepared by Kasper Associates ("Kasper") were defective. Kasper has filed this Motion to Dismiss, arguing the CT Page 9161 apportionment complaint was not served within 120 days of the return day. Lombard has filed an amended return of service in which Deputy Sheriff James E. Sullivan, the sheriff who served the complaint, signed an affidavit that he received the apportionment complaint on March 3, 1998 within the statutory period and served it on March 13, 1998 within fifteen days of the date he received it. Lombard claims that it has come within the saving provisions of Connecticut General Statutes § 52-593a.
"A motion to dismiss. . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983).
Kasper moves to dismiss the apportionment complaint on the ground that "Section 52-102b(a) of the Connecticut General Statutes requires that an apportionment complaint shall be served within 120 days of the return date of the plaintiff's original complaint. . . . [which] is November 4, 1997, service. . . must have been made by March 4, 1998. The deputy sheriff's return of service was effective on March 15, 1998, some 11 days following the last day permitted for such service." Memorandum In Support Of Motion To Dismiss, p. 1.
Lombard argues that "[the] Sheriff. . . received the apportionment complaint on March 3, 1998 and served it . . . within 15 days. Therefore pursuant to § 52-593a[1] the service of the apportionment complaint was proper . . ." Objection To Plaintiff's Motion To Dismiss Defendant's Apportionment Complaint, p. 1-2.
Kasper argues that "[General Statutes] § 52-593a can extend a procedural-type statute of limitations, but not a jurisdictional one." Reply Memorandum of Apportionment Defendant, p. 2. "Thus, while § 52-593a can accelerate the commencement of an action to a date prior to service of the complaint, it does not and cannot accelerate the service where it is the service itself which constitutes the statutory precedent to jurisdiction." Id. at 3-4.
Lastly, Lombard argued orally at short calendar that Kasper CT Page 9162 cannot seek the extension of time for service of process provided by General Statutes § 52-593a because the original sheriff's return does not state when the sheriff received the writ, summons and complaint.
The fact that a sheriff's return may be amended has been recognized by Connecticut's courts. "[T]he return did not conform with the statutory requirement that the deputy sheriff who made service endorse thereon the date of delivery of the writ to him. Since this irregularity has not been questioned, and since, in any event, it is curable by amendment of the return . . . we may proceed to consider the ground upon which the trial court granted summary judgment." (Citations omitted.) Zarillo v. Peck,33 Conn. Sup. 676, 677, 366 A.2d 1165 (App. Sess. 1976), cert. denied,171 Conn. 731, 357 A.2d 515 (1976). See also Fabiano v. Town ofWolcott, Superior Court, judicial district of Waterbury, Docket No. 140495 20 CONN. L. RPTR. 564 (September 8, 1997) (Pellegrino, J.) ("[i]n those cases which this court has followed, the sheriff subsequently filed an affidavit certifying that the process was delivered to him . . ."); Tibbetts v. Cortese, Superior Court, judicial district of Rockville at Tolland, Docket No. 045379 (March 21, 1991) (Dunn, J.) (same). Lombard Amended Return of Service cures the sheriff's return.[2]
Although no appellate authority exists, Connecticut's superior courts have addressed the scope of the savings provision of General Statutes § 52-593a. A split exists among these courts regarding whether to apply General Statutes § 52-593a
to statutorily created causes of action.
Several superior courts have interpreted General Statutes § 52-593a to apply to statutorily created causes of action. For example, in Celano v. Scasino, Superior Court, judicial district of New Haven, Docket No. 385460, 19 CONN. L. RPTR. 183 (February 11, 1997) (Devlin, J.), the court applied the savings provisions of General Statutes § 52-593a to an apportionment complaint brought under P.A. 95-111. The court held that "[t]he legislature only exempted administrative appeals from the saving provisions of §52-593a. Apportionment actions are not excluded. The apportionment process was delivered to the sheriff within the 120 days allowed by P.A. 95-111. The court finds that § 52-593a does apply to save the service." Id. See also Hitson v. Housing Authority, Superior Court, judicial district of Fairfield, Docket No. 329660 (December 23, 1996) (Levin, J.). CT Page 9163
However, in Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804, 16 CONN. L. RPTR. 403 (April 1, 1996) (Ballen, J.), the court did not apply General Statutes § 53-593a to apportionment complaints because "[t]he right of a defendant to reduce her proportion of the liability did not exist at common law."
Moreover, in Fabiano, supra, this court addressed the issue of whether the savings provision of General Statutes §52-593a applies to a statutorily created cause of action. "The plaintiffs' position is that although service of process was made one day late, their action against the defendant [under the defective highway statute, § 13a-149,] is still timely, being properly within the scope of General Statutes § 52-593a." Id.
In determining that the plaintiff's action is not saved by General Statutes § 52-593a this court in Fabiano, supra, looked to the holding of Collins v. Meriden, 41 Conn. Sup. 425, 428,580 A.2d 549 (1990), and the relationship between a statutorily created cause of action which impacts upon sovereign immunity and General Statutes § 52-593a. "In Collins [v. Meriden, supra,41 Conn. Sup. 425,] the plaintiff was one day late in serving process upon the defendant but had delivered her complaint to the sheriff prior to the running of the statute, which complaint was then served in compliance with [General Statutes] § 52-593a. Noting its obligation to strictly construe statutes in derogation of the common law so as not to undermine sovereign immunity, the Court . . . granted the Commissioner's motion to dismiss for the plaintiff's failure to meet the statutory requirements for commencing suit pursuant to [General Statutes § 13a-144]." (Internal quotation marks omitted.) Id.[3]
However, this court and other superior courts have recognized that the savings provisions of General Statutes § 52-593a
should be liberally construed because of the statute's remedial purpose. In Ruffion v. Gasparri, Superior Court, judicial district of Waterbury, Docket No. 137998 (September 8, 1997) (Pellegrino, J.) this court held that "the purpose of [General Statutes § 52-593a] is to ensure that the process is received on time by the officer . . . Remedial statutes are to be liberally construed; see, e.g., Lacasse v. Burns, 214 Conn. 464,572 A.2d 357 (1990); and a court should not elevate form over substance by analyzing a statute on the basis of its structure rather than its purpose.' Reichert v. Sheridan,34 Conn. App. 521, 525, 642 A.2d 51 (1994), aff'd, 233 Conn. 251, CT Page 9164658 A.2d 96 (1995)." (Citations omitted.) Id. See also Allen v.Chelednik, Superior Court, judicial district of Danbury, Docket No. 321475, 17 CONN. L. RPTR. 427 (August 16, 1996) (Moraghan, J.).
Since this court believes the right to file an apportionment complaint is a statutorily[4] based right which must be liberally construed, the court finds that the savings provision of General Statutes § 52-593a do apply.
Therefore, based on the foregoing, the court will deny Kasper's Motion to Dismiss.
PELLEGRINO, J.