WILLIAM J. MORRISSEY, JR. *v.* BOARD OF EDUCATION OF THE BOROUGH OF NAUGATUCK ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 66830
WATERBURY

Memorandum filed February 8, 1985

*Filan & Ruskin,* for the plaintiff.
*P. Bryden Manning,* for the defendants.

GAFFNEY, J. The court has for its consideration the defendant Craig Peters' motion for summary judgment. The motion is predicated on a claimed bar to any recovery by the plaintiff because of the applicable statute of limitations.

By way of background, the plaintiff was a Naugatuck High School student who, it is alleged, was injured during a physical education class at the school. The incident occurred on January 18, 1980, and, as a result, the plaintiff's prior counsel brought suit in this court naming the borough of Naugatuck as the sole defendant in an action founded on the negligence of Peters, the teacher who had charge of the class. This action was concluded on the granting of the defendant borough's motion for summary judgment. The court, *O'Brien, J.,* in its memorandum of decision dated August 30, 1983, held that the borough was not a proper party and could not be held liable to the plaintiff for what was alleged to have occurred.

The subject lawsuit was instituted by the plaintiff's new counsel on September 13, 1983.[1] Named as defendants therein were the Naugatuck board of education[2] and Peters.

A key ingredient of the present action is the allegation of paragraph one of the amended complaint which

[1] The sheriff's return shows service of process to have been made on the following day.

[2] The Naugatuck board of education which was the subject of the first count of the complaint is no longer before the court, its motion to strike the first count having been granted by Judge Walsh on December 8, 1983.

cites § 52-593 of the General Statutes, entitled "Action against wrong defendant; allowance of new action," as authority for bringing the action. The issue before the court is whether the latter statute is available to the plaintiff, thereby negating the effect of the two year period of limitation provided by General Statutes § 52-584.

The plaintiff argues that the prior action was concluded summarily because his attorney sued the wrong party. He urges that § 52-593 is precisely applicable to such situation. The court agrees.

Section 52-593 provides in part as follows: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action."

The quoted language is clear and unambiguous. The defendant's claim that the statute is here inapplicable, being intended to apply to agents and corporations and mistakes arising from suit against one, rather than the other, is unpersuasive.

Like its companion statute, § 52-592, entitled "Accidental failure of suit; allowance of new action," § 52-593 is intended "to avoid the hardships arising from an unbending enforcement of limitation statutes." Cf. *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 329, 170 A.2d 724 (1961). It, too, is remedial and should be liberally interpreted. *Baker* v. *Baningoso,* 134 Conn. 382, 387, 58 A.2d 5 (1948). In short, "[i]t should be so construed as to advance the remedy rather than to retard it." *Dirton* v. *McCarthy,* 22 Conn. Sup. 205, 207, 166 A.2d 207 (1960).

No claim is made by Peters that he was uninformed of the original action or in any respect kept in the dark by suit having been instituted against an improper party. From the inception of the original lawsuit, Peters' actions, and his alone, were the principal and underlying basis of the plaintiff's claim for relief. It does not appear that he has suffered any cognizable prejudice by the passage of time.

The clear language and intent of the statute militate strongly against Peters' argument that to allow the plaintiff to pursue his remedy in the present action is to render the statute of limitations virtually meaningless.

Accordingly, the motion for summary judgment is denied.