DEAN MARTIN ET AL. *v.* BRISTOL ASSOCIATES
(8717)

FOTI, LAVERY and LANDAU, JS.

Argued June 5—decision released August 14, 1990

*Richard W. Gifford,* with whom, on the brief, was *Kimberly Peterson-Staggs,* for the appellants (plaintiffs).

*Jon S. Berk,* for the appellee (defendant).

LANDAU, J. The plaintiffs[1] appeal from the trial court's granting of the defendant's motion for summary judgment on the basis that they had failed to bring their

[1] The plaintiffs are the named plaintiff, William Robbins and Edwin Bartis.

action within the one year limitation period pursuant to either General Statutes §§ 52-592 or 52-593. They claim that their action was timely filed, and, therefore, the defendant's motion should have been denied. We affirm the trial court's decision.

The plaintiffs commenced a series of three negligence actions against various entities, all of which were named Bristol Associates. The dispositive fact is that the third action was brought more than one year after termination of the second action.

General Statutes § 52-592 (a)[2] permits a plaintiff, under certain circumstances, to commence a new action within one year after the determination of the original action. General Statutes § 52-593 (a)[3] permits a plaintiff to bring a new action, regardless of the statute of limitations, if service of process in the new action is made within one year after the termination of the original action. Both statutes clearly require that the new action be commenced within one year after the

---

[2] General Statutes § 52-592 (a) provides in pertinent part that "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[3] General Statutes § 52-593 (a) provides in pertinent part that "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action."

determination or termination of the original action. Even if we were to assume that the plaintiffs' second action was the "original" action or a continuation of the original action, they nevertheless failed to commence their third action within the one year period set forth under both General Statutes §§ 52-592 and 52-593.

The plaintiffs' second action was terminated on June 17, 1988. The third action was commenced pursuant to General Statutes § 52-45a[4] on June 27, 1989, the date on which the defendant's agent received service of process. Therefore, the plaintiffs failed to file their action timely under either statute.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] General Statutes § 52-45a provides in pertinent part that: "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint."

[5] We need not, therefore, reach the issue of which statute controls under these circumstances.