[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The issue presented by the defendant's motion for summary judgment is whether a non-owner of two automobiles insured by the defendant nonetheless had an insurable interest in the two automobiles.
BACKGROUND
On April 16, 1993, the plaintiff, Valerie Ligon, filed a seven count complaint against the defendant, Peerless Insurance Company. The plaintiff filed an amended complaint, which amended the seventh count, on December 6, 1993. The relevant facts are not in dispute.
The defendant, an insurance company licensed in Connecticut, issued the plaintiff a personal auto policy for the period from April 4, 1992 to April 10, 1993. The policy issued by the defendant covered two vehicles owned by the plaintiff's brother, Anthony Ligon. The plaintiff paid a premium of $978, $206 of which covered property damage for the two vehicles.
On August 10, 1992, one of the two vehicles mentioned in the policy, a Ford Mustang, was stolen, and subsequently recovered in damaged condition. The plaintiff reported this incident to the defendant and made a claim in accordance with the terms of the policy. On December 18, 1992, the other vehicle mentioned in the policy, a Buick LeSabre, sustained damage due to vandalism. The CT Page 7258 plaintiff made a claim with the defendant for coverage under the policy in accordance with the policy. The defendant denied coverage under the policy for both of the plaintiff's claims.
Counts one through three relate to the plaintiff's August 10, 1992 claim on the stolen Ford Mustang. In the first count, the plaintiff seeks coverage under the policy because she has "fulfilled all of the terms, conditions, and requirements of the policy." The second count is a CUIPA claim pursuant to General Statutes § 38-60, et seq.[1] in which the plaintiff alleges that the defendant has engaged in unfair or deceptive acts by failing to act in good faith in dealing with the plaintiff's claims. In the third count, the plaintiff alleges that the defendant acted in "breach of the covenant of good faith and fair dealing implicit in the Peerless Insurance Co. contract with Valerie Ligon."
Counts four through seven relate to the plaintiff's December 18, 1992 claim on the damaged Buick LeSabre. The fourth count is identical to the first count. The plaintiff seeks coverage under the policy because she has "fulfilled all of the terms, conditions, and requirements of the policy." The fifth count is a CUIPA claim pursuant to General Statutes § 38-60, et seq., in which the plaintiff alleges that the defendant has engaged in unfair or deceptive acts by failing to act in good faith in dealing with the plaintiff's claims. In the sixth count, the plaintiff alleges that the defendant acted in "breach of the covenant of good faith and fair dealing implicit in the Peerless Insurance Co. contract with Valerie Ligon." In count seven, the plaintiff alleges that the defendant has violated CUTPA, General Statutes § 42-110a et seq., in refusing to pay benefits under the policy, failing to investigate the plaintiff's claim, and in failing to act in good faith to "effectuate a prompt, fair and equitable settlement" of the plaintiff's claims.
The defendant filed its answer to the amended complaint on April 13, 1994. In its answer, the defendant admitted that it is a licensed insurance company in Connecticut, and that it issued the plaintiff an insurance policy, but denied any liability arising from the plaintiff's complaint.
On July 29, 1994, the plaintiff filed a notice of her response to the defendant's request for admissions of July 1, 1994. In the response, the plaintiff admitted that her brother's name is Anthony Ligon. The plaintiff further admitted that her brother was the title owner of the Buick LeSabre and Ford Mustang that were the CT Page 7259 subject of the complaint. Finally, the plaintiff admitted that Anthony Ligon did not live with the plaintiff on December 18, 1992.
On September 30, 1994, the defendant filed the motion for summary judgment and supporting memorandum that is presently before the court. The defendant argues that the plaintiff does not have an insurable interest in either of the two automobiles for which she seeks recovery, and therefore, the motion for summary judgment should be granted. On December 13, 1994, the plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment. The plaintiff argues that there is a genuine issue of fact as to whether Valerie Ligon had an interest in the automobiles, and therefore the motion for summary judgment should be denied. The parties argued the motion at short calendar on April 3, 1995.
LEGAL DISCUSSION
The defendant argues that the motion for summary judgment should be granted because the plaintiff does not have an insurable interest in either of the two automobiles for which she seeks recovery. The defendant claims that in order to recover in a motor vehicle insurance action, the claimant must have an interest in the subject of the insurance, in this case, the Ford and the Buick. The defendant maintains that the plaintiff has admitted to not owning the vehicles, and further has not demonstrated any evidence that she would derive any benefit from its preservation or any detriment from its destruction. Additionally, the defendant claims that public policy reasons prohibit someone from insuring property with which they have no interest. For these reasons, the defendant argues that the motion for summary judgment should be granted.
The plaintiff counters by claiming that what is an insurable interest is a question of fact. She maintains that she had an interest in the motor vehicles regardless of her lack of ownership of them. The plaintiff further argues that as long as she benefitted [benefited] from the automobiles, and that benefit would be lost by losing the vehicle, then she has an insurable interest in the vehicles. The plaintiff claims her interest is that she was the custodian of the two vehicles, she kept the vehicles parked at her house, and that she had access to the vehicles whenever she needed. Therefore, the plaintiff claims that at a minimum, she has an insurable interest in the subject vehicles and the motion for summary judgment should be denied. CT Page 7260
The question of whether or not a party has an insurable interest in a motor vehicle has not been widely discussed in Connecticut courts. The defendant cites Vagini v. InsuranceCompany of North America, 40 Conn. Sup. 333, 491 A.2d 1126 (1980), for the proposition that a person has an insurable interest in the subject matter when he derives a benefit from preservation of the subject or will suffer damage from the destruction of the subject by the happening of the event insured against. In Vagini, the issue was whether the purchaser of a stolen car had an insurable interest in the car.
In Plum Trees Lime Co. v. Keeler, 92 Conn. 1, 101 A. 509
(1917), the Connecticut Supreme Court discussed the requirements for an insurable interest:
 "It may be said generally that `by law of insurance, any person has an insurable interest in property, by the existence of which he receives a benefit, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property
itself.'. . . `The crucial question is, will the insured be directly and financially affected by the loss of the property insured. . . . The loss must not be indirect or sentimental, but direct and actual. . . . This opens a wide field and the decisions take an extensive range with a growing tendency to expand rather than to contract the scope of the term. . . .'"
(Citations Omitted) (Emphasis Added). Plum Trees Lime Co. v.Keeler, supra, 92 Conn. 7-8.
Noted in 44 C.J.S., Insurance § 219 (1993), is that "[p]ersons held to have an interest in property include persons having the custody of, and responsibility for, the property." Additionally, "a person has an insurable interest in a motor vehicle for the purpose of insurance against loss . . . where he derives a benefit from the existence of the vehicle, or would suffer a loss from its destruction." 44 C.J.S., Insurance § 251 (1993).
In the present action there is a material question of fact as to whether the plaintiff has an insurable interest in the two cars that are the subject of this insurance policy. The Connecticut CT Page 7261 Supreme Court has found that title in the property itself is not necessary for a party to have an insurable interest. Plum Trees,
supra. The party claiming an interest must derive a benefit from the use of the property or suffer damage from the loss of the property. Vagini, supra. Additionally, other jurisdictions have found that a person with an insurable interest includes a person in custody of the insured property. 44 C.J.S., Insurance § 219, supra.
Among the plaintiff's claims are that she was the custodian of the Ford Mustang, that the Ford Mustang was kept at her residence, that she maintained the Ford Mustang, that she shared the Buick with her brother, and that she used the Buick LeSabre frequently. These claims are enough to raise a material question of fact as to whether the plaintiff was in custody of the two automobiles. The question of whether the plaintiff was in custody of the two automobiles is material to determining whether the plaintiff has a possessory interest. Therefore, a question of material fact exists and the defendant's motion for summary judgment must be denied.
CONCLUSION
Based on the foregoing, the defendant's Motion for Summary Judgment (#112) is denied.
So ordered.
Michael Hartmere Judge of the Superior Court