[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts and Discussion
The plaintiffs have instituted two actions for medical malpractice based on events which allegedly took place at Saint Francis Hospital on December 27 or 28, 1989. On December 16, 1991, plaintiffs' petition to extend the statute of limitations pursuant to General Statutes § 52-190a was granted. On March 17, 1992, plaintiffs filed their first action against defendants Hema De Silva, Linda Peterson of Puerto Rico, N.J. McNamara, Bonna Neuhauser and Saint Francis Hospital. Butcher v. De Silva, (CV92-0509713S). The action against Dr. Hema De Silva has been withdrawn. On June 8, 1992, the action against Linda Peterson of Puerto Rico and N.J. McNamara was dismissed by agreement, since these individuals were the wrong defendants and not parties to the action. Pursuant to General Statutes § 52-593, the plaintiffs then instituted a second action against Nancy Jean McNomee, Linda Peterson of Vernon, and Saint Francis Hospital. Butcherv. Saint Francis Hospital, (CV92-0514585S).
Summary judgment shall be rendered if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384;Gurliacci v. Mayer, 218 Conn. 531, 562 (1991).
"In a medical malpractice action, expert testimony is required to establish the standard of professional care to which the defendant is held and that the defendant failed to conform to that standard of care." Mather v. GriffinHospital, 207 Conn. 125, 130-31 (1988). Since no expert testimony has been offered against the defendant McNomee, summary judgment must be granted in her favor.
For the reasons stated in the Memorandum of Decision on the Motion for Summary Judgment in Butcher v. De Silva CV92-0509713, the plaintiff in the instant action was entitled to an extension under General Statutes § 52-190a(b) in order to fully conduct the reasonable inquiry required by § 52-190a(a).
Lastly, the defendants claim that because the plaintiffs have not failed to obtain judgment in Butcher v. De Silva
CV92-0509713, they cannot avail themselves of General Statutes § 52-593, the wrong defendant statute. General Statutes § 52-593
CT Page 12481-M provides as follows:
 Action against wrong defendant; allowance of new action. When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. If service of process in the original action has been made upon an agent of the defendant named in the new action, or if the defendant in the new action is a corporation and service in the original action has been made upon an officer or agent of the corporation, notice of any claim for damage shall be sufficient if given in the original action, pursuant to statutory provisions, to any officer or agent of the defendant in the new action.
"Section 52-593 is intended to avoid the hardships arising from an unbending enforcement of limitation statutes."Morrissey v. Board of Education, 40 Conn. Sup. 266, 268
(1985). It is remedial and should be interpreted liberally.Id. "In short, `it should be so construed to advance the remedy rather than to retard it.'" Id. quoting Dirton v.McCarthy, 22 Conn. Sup. 205, 207 (1960). While the entire action has not been dismissed in Butcher v. De Silva, CV92-0509713, those portions of the action pertaining to the wrongly named defendants have been dismissed. Therefore, under § 52-593, the plaintiffs have failed to obtain judgment against the wrongly named defendants and may properly file the instant action naming the actually intended defendants. See
Conn. Gen. Stats. § 52-593; Morrissey, 40 Conn. Sup. at 268
(§ 52-593 is remedial and should be liberally construed). There was proper service of Saint Francis Hospital in the initial action and an agent of Saint Francis Hospital was properly served in the new action. CT Page 12481-N
For the reasons stated, summary judgment must be granted as to defendant McNomee but denied as to the remaining defendants.
Michael R. Sheldon Judge