[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE MOTIONS FOR SUMMARY JUDGMENT
On March 20, 1997, the plaintiffs, Joseph and Loretta Calabrese, filed a two count complaint against the defendant, New London County Mutual Insurance Company, seeking to enforce a contract of insurance. The plaintiffs allege that on August 23, 1995, they contracted with the defendant for the procurement of property and casualty insurance for the property owned by the plaintiffs located at 1400 Guernseytown Road, Watertown, Connecticut ("Watertown property"). Pursuant to the insurance contract, the defendant agreed to insure the home, barn and personal property located on the Watertown property against loss caused by fire. On or about August 13, 1996, a fire destroyed the barn and its contents and damaged a portion of the farm house located on the Watertown property.
In the first count, the plaintiffs claim that the defendant is in breach of the insurance contract by failing and/or refusing to pay the claim related to the loss. The second count incorporates the material allegations of the first count, and further alleges that by its conduct, the defendant breached its duties of good faith and fair dealing, and that "[t]hose breaches were flagrant willful and wanton and were undertaken by defendant solely to protect its own pecuniary interests, without regard to its obligations under the . . . insurance policy or to plaintiffs' interests." On May 13, 1997, the defendant filed an answer, denying it breached the contract and that it breached its duty of good faith and fair dealing.
On June 16, 1997, the plaintiffs filed a motion for summary judgment on both counts of the complaint, claiming that there exists no genuine issue of material fact and they are entitled to judgment as a matter of law.[1] On July 2, 1997, the defendant filed a cross motion for summary judgment. The defendant also claims that no genuine issue of material fact exists, but contends that it is not liable to the plaintiffs for the loss because, as a matter of law, the plaintiffs did not have an insurable interest in the property at the time of the loss. Both CT Page 11512 sides have attached various documents to their respective motions, and each have filed a memorandum in opposition to the other party's motion.
"[P]ractice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 800 (1996). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Bank of Boston v. Scott Real Estate,Inc., 40 Conn. App. 616, 619-20, 673 A.2d 558, cert. denied,237 Conn. 912, 675 A.2d 884 (1996).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." Id., 620. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 732 (1995).
"[I]t is now almost universally held . . . that an insurable interest is necessary to the validity of a policy, no matter what may be the subject matter, and that if no insurable interest exists, the contract is void." 3 G. Couch, Insurance (2d Ed. 1984) § 24:1, p. 8. "It may be said generally that by the law of insurance, any person has an insurable interest in property, by the existence of which he receives a benefit, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself." Plum Trees Lime Co. v. Keeler, 92 Conn. 1, 7,181 A. 509 (1917); 3 G. Couch, supra, § 24:13; see also Vagini v.Ins. Co. of North America, 40 Conn. Sup. 333, 499 A.2d 87 (1985) (holding that plaintiff's interest in a stolen car would be an insurable one if purchased in good faith).
The following facts are relevant to resolve whether the plaintiffs had an insurable interest in the Watertown property. In 1994, the plaintiffs filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States CT Page 11513 Bankruptcy Court for the District of Connecticut. Pursuant to the Bankruptcy Code, a Committee of Unsecured Creditors of the plaintiffs was established. On August 29, 1995, the Committee, pursuant to Code section 1121, filed a plan of reorganization. According to the plan, title to the Watertown property and improvements thereon vested in the estate's liquidating trustee, McKee Co., LLC. On November 16, 1995, the Bankruptcy Court,Krechevsky, J., approved the reorganization plan.
On August 13, 1996, a fire destroyed the barn and damaged a portion of the house located on the Watertown property. One day later, the plaintiffs timely filed a fire claim loss with the defendant, which the defendant subsequently denied, claiming the plaintiffs lacked an insurable interest in the property. Thereafter, the Committee filed for approval of a modified plan of reorganization. By Order dated November 1, 1996, the Bankruptcy Court, Krechevsky, J., confirmed the amended plan of reorganization as modified and ordered:
 effective as of November 16, 1995, in accordance with the terms of the Modified Plan . . .
 b. Title to the following real property shall hereby vest absolutely in Joseph A. Calabrese and Loretta A. Calabrese:
 i. Certain real property and improvements thereon located in an area bounded by Litchfield, Killorin and Guernseytown Roads, Watertown Connecticut. . . ."
The power of the bankruptcy court stems from a grant of authority in Article I of the United States Constitution, which grants to Congress the power "to establish . . . uniform laws on the subject of Bankruptcies throughout the United States." U.S. Const. Art I, § 8, cl. 4. The bankruptcy law is a paramount law, taking precedence over all state laws and proceedings. See generally Kalb v. Feuerstein, 308 U.S. 433, 439, 60 S.Ct. 343,84 L.Ed. 370 (1940).
11 U.S.C. § 1127 (b) permits a confirmed plan to be modified "before substantial consummation of such plan. . . . Such plan as modified under this subsection becomes the plan . . . [if] the court, after notice and a hearing, confirms such plan as modified. . . ." Moreover, the bankruptcy court CT Page 11514 "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."11 U.S.C. § 105 (a).
The court is cognizant of the general rule that "[a]n assignment in bankruptcy . . . whether voluntary or involuntary, divests the insured of his insurable interest in the property. . . ." 8 G. Couch, supra, § 37A:711. Nevertheless, this court is obliged to recognize the bankruptcy court's authority to approve the modified plan, which, pursuant to11 U.S.C. § 1127 (b), "becomes the plan." That plan vested the plaintiffs with title to the Watertown property as of November 16, 1995, prior to the date of the loss. As a matter of law, then, the plaintiffs had an insurable interest in the property from that date forward. Plum Trees Lime Co. v. Keeler, supra,92 Conn. 7; Vagini v. Ins. Co. of North America, supra,40 Conn. Sup. 333.
Accordingly, the court denies the defendant's motion for summary judgment and grants the plaintiffs' motion for summary judgment as to the first count of the complaint, alleging breach of contract. The court denies the plaintiffs' motion as to the second count of the complaint, alleging a breach of the covenant of good faith and fair dealing.
Connecticut recognizes an implied covenant of good faith and fair dealing in insurance contracts. Verrastro v. Middlesex Ins.Co., 207 Conn. 179, 190, 540 A.2d 693 (1988). This duty has been defined as "an attitude or state of mind denoting honesty of purpose, freedom from intention to defraud and generally speaking means faith to one's duty or obligation. . . ." Buckman v.People Express, Inc., 205 Conn. 166, 171, 530 A.2d 596 (1987) (Supreme Court quoting trial court's instruction on the implied covenant, which it upheld).
"The determination of good faith involves an inquiry into the party's motive and purpose as well as actual intent." Phillipev. Thomas, 3 Conn. App. 471, 475, 489 A.2d 1056 (1985). "Whether good faith exists is a question of fact to be determined from all the circumstances." Kendzierski v. Goodson,21 Conn. App. 424, 430, 574 A.2d 249 (1990). "Generally, issues involving motive or intent are not properly resolved on a motion for summary judgment." Union Trust Co. v. Jackson,42 Conn. App. 413, 419, 679 A.2d 421
(1996). Whether the defendant breached its duty of good faith and fair CT Page 11515 dealing is not ascertainable from the pleadings and evidence submitted by the plaintiffs in support of their motion.
CHARLES D. GILL, J.