[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS
Defendant City of Meriden moves to dismiss plaintiff Margarita Perez' complaint for lack of jurisdiction asserting that the action under General Statutes § 13a-149 was not brought within two years of the alleged injury.
Plaintiff responds that the action is timely as it is brought pursuant to General Statutes §§ 52-592 and 593.
The accident underlying this action occurred on August 27, 1993. The original action under General Statutes § 13a-149
was stricken, and judgment entered on March 31, 1997 in favor of the only named defendant, mark Zebora, for failure to name the City of Meriden as a defendant. The present case was filed on April 8, 1998, and served on the City of Meriden March 20, 1998. "In Connecticut, an action is commenced on the date of service of the writ upon the defendant." Hillman v. Greenwich,217 Conn. 520, 527, 587 A.2d 99 (1991). Thus, there is no question that the present action was brought within one year of the entry of judgment for lack of jurisdiction.
General Statutes § 52-592 (a) provides:
 Sec. 52-592. Accidental failure of suit; allowance of new action. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
General Statutes § 52-593 provides:
 Sec. 52-593. Action against, wrong defendant; allowance of new action. When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as CT Page 8741 defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. If service of process in the original action has been made upon an agent of the defendant named in the new action, or if the defendant in the new action is a corporation and service in the original action has been made upon an officer or agent of the corporation, notice of any claim for damage shall be sufficient if given in the original action, pursuant to statutory provisions, to any officer or agent of the defendant in the new action.
A literal reading of these sections would "save" the plaintiffs action. Defendant claims that case law has interpreted this section to preclude it.
Defendant claims that Collins v. City of Meriden,41 Conn. Sup. 425 (1990) concerns the "same situation" as that herein. This is a gross misrepresentation of the facts in Collins. The plaintiff in Collins failed to serve the original action within two years, and sought to save his cause through § 52-593a. That is not the case herein. The question here is whether § 52-593, which specifically addresses the question of a new action subsequent to the termination of the original action for failing to name the correct defendant will save the plaintiff's action.
Defendant also cites Pierce v. Town of North Canaan, Superior Court, judicial district of Litchfield, Docket No. 067137 (September 21, 1995) (15 CONN. L. RPTR. 126). Pierce is identical to Collins and inapplicable here.
Defendant cites Fabiano v. Wolcot, Superior Court, judicial district of Waterbury, Docket No. 140495 (September 8, 1997) (20 CONN. L. RPTR. 564). This case is essentially identical toCollins and Pierce, and also inapplicable.[1]
In short, defendant cites no authority to support the proposition that § 52-593 is inapplicable here. Moreover, defendant fails to attempt to distinguish Morrisey v. Board ofEducation, 40 Conn. Sup. 266, 491 A.2d 1126 (1985). This case was decided by Judge Gaffney. Judge Gaffney also decided Collins, a case defendants claim is on point herein. In fact, Morrisey andCollins are completely consistent, and Morriseysupports the proposition that § 52-593 will save CT Page 8742 an action against a municipality which the original action hasfailed for failure to name the correct defendant. This court is in agreement with the reasoning in Morrisey. Moreover,Lacasse v. Burns, 214 Conn. 464, 572 A.2d 357 (1990), clearly stands for the proposition that any suit, whether original or filed after the original suit has failed, is permissible under the savings statute[2] and not barred by sovereign immunity. So long as the original action, or any action has failed for want of jurisdiction and is refiled within one year it is not barred, even if the suit is against a state or local government.
This court finds it odd that both parties cite numerous Superior Court decisions and not Lacasse.[3]
For the foregoing reasons, defendant's motion to dismiss is denied.
Dunnell, J.