[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the State of Connecticut, moves for summary judgment based on the statute of limitations governing claims under CGS § 52-556. The plaintiff, Miriam Isidro, objects to this motion asserting that CGS § 52-593 applies.
The parties stipulate to the following facts:
The plaintiff alleges in her complaint that on February 12, 1995, she was injured by a vehicle owned by the State and operated by Roger Weissinger, a State Police Officer. On January 13, 1997, the plaintiff began a suit against Weissinger. On October 29, 1998, Weissinger moved for summary judgment based on CT Page 8961 the immunity conferred to him by CGS § 4-165. On December 14, 1998, the motion of summary judgment was granted. On December 23, 1998, the plaintiff initiated the present action against the state.
The complaint sets forth a cause of action for vicarious liability as the owner and insured, under § 52-556, for Weissinger's negligent operation of the vehicle in question. The statute of limitations governing such claims, CGS § 52-584, affords two years to commence suit from the date of the accident. Clearly, the present action began after that two-year period expired.
Section 52-593, however, provides an opportunity to avoid the effect of the statute of limitations if the plaintiff "failed to obtain judgment by reason of failure to name the right person as defendant" in an earlier action if the later action is brought within one year after the original suit terminated. This statute is remedial and should be liberally interpreted to effectuate the purpose of avoiding the hardship imposed by the usual application of the statute of limitations, Morrissey v. Board of Education,40 Conn. Sup. 266, 268 (1985). Our Supreme Court, nonetheless, has construed § 52-593 to apply only in circumstances where the original case ended because of failure to name the right defendant and for no other reason, Vessichio v. Hollenbeck,18 Conn. App. 515, 520 (1989); Perzanowski v. New Britain,183 Conn. 504, 507 (1981).
Resort to § 52-593 is typically made when a plaintiff sues A erroneously, believing that A operated or owned an offending vehicle or unsafe premises, when in actuality B operated or owned the vehicle or premises. The plaintiff makes no such claim in the present case. The original suit in this case was terminated because Weissinger, who was correctly alleged to be the operator, possessed immunity from liability for any negligent operation on his part under § 4-165.
The issue before the court is whether § 52-593 affords relief from the time constraints contained in the usual statute of limitations where it is the wrong legal theory, rather than the wrong defendant which resulted in the failure to obtain judgment in the first action. The court holds that § 52-593 is inapplicable in such cases.
No appellate level case directly addresses this precise CT Page 8962 point. Unsurprisingly, the trial court decisions divide on the resolution to this question. In a case nearly identical to the present one, Judge Wagner held that § 52-593 pertains and denied a motion for summary judgment based on the statute of limitations expiration, Fox v. State, Superior Court, Hartford J.D., d.n.CV94-540645 (November 22, 1995). In the same month, Judge Shelton ruled to the contrary on somewhat different facts, Turgeon v.Snap-On Incorporated, Superior Court, Hartford J.D., d.n. CV95-548488 (November 3, 1995).
The Turgeon case, supra, involved an original suit against retail sellers under the Product Liability Act. It developed that a defendant retailer never sold the product under scrutiny to the plaintiff's employer. The plaintiff then attempted to sue the manufacturer of the item rather than a retailer. In a typically well-written opinion, Judge Sheldon stated that § 52-593 "cannot be relied upon to save every late-filed action . . . Such a reading would plainly undermine the essential purpose of the statute of limitations, which is to prevent the unjustifiable prosecution of stale claims, for it would enable lazy, incompetent litigants to bring a series of unfounded, ill-planned or procedurally deficient actions," Id.
A plaintiff who fails to sue, timely, a potentially liable party can only rescue the cause under § 52-593 when that failure resulted from a mistaken belief that a defendant originally sued was that particular party and the original action terminated by virtue of that mistake. In the present case, the plaintiff was unmistaken about the identity of the purportedly negligent operator, Weissinger, and owner of the vehicle, the state. The plaintiff's error was in pursuing the actual operator who had immunity from liability.
While § 52-593 must be liberally viewed, the language of the statute cannot be ignored. The failure to obtain judgment must result from the "failure to name the right person," (emphasis added), rather than failure to sue the right person. The use of the word "name" indicates that misidentification of a party rather than misconception as to the liability of correctly identified persons is the target at which the statute aims. The plaintiff in the original action accurately identified Weissinger as the allegedly negligent operator. That action terminated because Weissinger was cloaked with immunity under § 4-165 and not because the operator was misidentified. CT Page 8963
In short, the Court concludes that § 52-593 redresses only factual errors, not faulty legal thinking. Consequently, the defendant's motion for summary judgment is granted.
Sferrazza, J.