[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action, filed on December 17, 1999 under General Statutes § 52-592, the accidental failure of suite statute, is the third successive action for the wrongful death of Parise Nelson in an apartment fire on April 9, 1994.
The first prior action, commenced in May, 1995, resulted in a non-suit on November 6, 1995, and plaintiff's motion to reopen was denied on December 4, 1995.
The second action, commenced on February 13, 1996, resulted in a non-suit entered on March 6, 1997. Plaintiff's motion to set aside filed March 10, 1999 was denied on May 4, 1999.
Defendant has moved to dismiss this present action claiming it is barred by the two year statute of limitations. Plaintiffs' claim this action is saved because it was commenced within one year after the "determination" of the previous action as required by General Statutes § 52-542, which plaintiffs' claim, took place on May 4, 1999 when their motion to set aside was denied.
Plaintiffs' claim is unavailing. In Pintavalle v. Valkanos,216 Conn. 412 (1990) our Supreme Court held that the one year period in which the statutory action could commence ran from the determination of the original action, not the most previous action. In accord Marangio v. ShopRite Supermarkets, Inc.,11 Conn. App. 156 (1987). In our view, the fact that the second action was commenced within the statute of limitations does not carve out an exception for the plaintiffs from these rulings.
Even if the one year period is held to start from the determination of the second action, plaintiffs' claims would be rejected because their motion to set aside the non-suit was not made within four months of March 6, 1997, the date the non-suit was entered, as required by Practice Book § 17-43 (formerly § 377). Therefore, the judgment date of March 6, 1997 would be the date of "determination" from which the one year requirement would be measured. Martin v. Bristol Associates,22 Conn. App. 625 (1990). Plaintiffs claim they did not get notice of the non-suit, but both the filing of the motion for non-suit on September 25, 1996 and its granting by Judge Hale are noted in the file. Accordingly, it is not necessary to consider whether a CT Page 2034 pending appeal from Judge Hale's decision, now allegedly pending in the Appellate Court, would be an additional basis for dismissing this action under the prior pending action doctrine.
Since this action is clearly barred by the statute of limitations, and not saved by General Statutes § 52-542, the motion to dismiss is granted.
Jerry Wagner Judge Trial Referee