[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On April 7, 1998, the plaintiff, Josephine Billerback, filed a complaint against Phil and Nancy Cerminara alleging that on May 4, 1996, the plaintiff slipped and fell on the property owned by Phil and Nancy at 2A Country Way in Danbury, Connecticut. On September 10, 1998, the plaintiff subsequently filed another separate complaint against the defendants, Gregory and Palma Cerminara (defendants), alleging the same slip and fall, except that the alleged accident occurred at the defendants' property at 8th Avenue in Danbury. The plaintiff alleges that the second complaint is brought under the savings statute, General Statutes § 52-593,[1] because the defendants are in fact the proper defendants and Phil and Nancy Cerminara were improperly named as CT Page 1290 defendants in the original complaint.
The plaintiff filed the second complaint while the initial complaint was pending in court. On June 18, 1999, nine months after the filing of the second complaint, the initial complaint was dismissed for dormancy. The defendants now move for summary judgment on the second action on the ground that the action is barred by the statute of limitations set forth in General Statutes § 52-584.[2]
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Brackets omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets omitted; citations omitted; internal quotation marks omitted.) Id., 386. A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v.New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989).
The defendants argue that the action is barred by the statute of limitations in § 52-593 because (1) the dismissal of the initial action was for dormancy reasons, and therefore, the savings clause of § 52-593 is not applicable because the judgment upon which an action is brought pursuant to § 52-593 must be founded on the failure to name the correct defendant; and (2) the plaintiff alleges facts in the second complaint different from those in the initial complaint, therefore, the second complaint sets forth a new and separate action.
The plaintiff asserts that the second complaint was filed shortly after it was discovered the wrong defendants were named in the initial action. The plaintiff argues that the second action was brought prior to the dismissal of the initial action in order to control unnecessary costs and possible vexatious litigation. The plaintiff further argues that the second complaint does not set forth a new cause of action because the complaint does not allege a completely different description of her fall.
"Since section 52-593 was passed in 1915 there have not been many cases CT Page 1291 construing it." Kliger v. Heyman, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 029516 (June 17, 1991, Fuller,.J). The statute "is remedial and should be liberally interpreted to effectuate the purpose of avoiding the hardship imposed by the usual application of the statute of limitations." Isidro v. State, Superior Court, judicial district of Windham at Putnam, Docket No. 059884 (July 9, 1999, Sferrazza, J.); Morrissey v. Board of Education,40 Conn. Sup. 266, 268, 491 A.2d 1126 (1985). "In short, it should be construed as to advance the remedy rather than to retard it." (Brackets omitted; internal quotation marks omitted.) Morrissey v. Board ofEducation, supra, 40 Conn. Sup. 268. "Our Supreme Court, nonetheless, has construed § 52-593 to apply only in circumstances where the original case ended because of failure to name the right defendant and for no other reason, Vessichio v. Hollenbeck, 18 Conn. App. 515, 520 (1989);Perzanowski v. New Britain, 183 Conn. 504, 507 (1981)." Isidro v. State, supra, Superior Court, Docket No. 059884.
Although § 52-593 must be read liberally, the clear language of the statute allows an extension of the statute of limitations only where the plaintiff "has failed to obtain judgment by reason of failure to name the right person as defendant." General Statutes § 52-593. The dismissal of the original action was for dormancy and does not fall into this category of judgments. See Vessichio v. Hollenbeck, 18 Conn. App. 515,520, 558 A.2d 686 (1989) (dismissal for failure to prosecute with due diligence not considered failure to named correct defendant).
The plaintiff argues that Vessichio is distinguishable from the present case because the subsequent § 52-593 action in Vessichio was filed after the dismissal of the original action, and in the present case, the plaintiff brought the § 52-593 action before the entry of judgment terminating the first action. The statute of limitation protection of § 52-593 is not available to the plaintiff, however, until the original action was dismissed and thereby terminated. See Anderson v. NewLondon, Superior Court, judicial district of New London at New London, Docket No. 541273 (February 24, 2000, Corradino, J.); Karp v. AmericanLegion, Superior Court, judicial district of New Britain, Docket No. 462879 (June 18, 1996, Handy, .J) (17 Conn. L. Rptr. 206, 209); Chomiczv. American Legion, Superior Court, judicial district of New Haven at New Haven, Docket No. 342751 (November 30, 1993, Hadden, J). "[T]he statute itself makes it quite clear that the exception it creates cannot apply to an original action which has not yet failed for any reason, but only to a new action which is commenced within one year of the termination of the original action." (Emphasis added; internal quotation marks omitted.)Kerr v. Metropolitan District Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515671 (April 27, 1994, Sheldon, J.). CT Page 1292
The original complaint was dismissed for dormancy, and therefore, the plaintiff cannot avail herself of the statute of limitations savings clause of § 52-593. The present complaint is therefore barred by the two year limitations period set forth in § 52-584. Therefore, there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is granted.
White, J.