[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Michael Hall and Dorothea Nadeau, have filed a three-count complaint against the defendants, Jeffrey Bender and James Watson, alleging that the plaintiffs were injured as a result of a high speed police chase, wherein Bender, a police officer, negligently failed to use his siren and drove at an excessive rate of speed in disregard of the Wolcott police pursuit policy. The defendants have filed a motion to dismiss with an accompanying memorandum of law and supporting evidence on the ground that the plaintiff failed to make proper service of process on the defendants.
 DISCUSSION
Lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process are grounds which may be asserted in a motion to dismiss. Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147
(2000). A motion to dismiss "admits all well pleaded facts." Capers v.Lee, 239 Conn. 265, 269 n. 9, 684 A.2d 696 (1996). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80, 554 A.2d 728
(1989)
On December 23, 1999, the court, Doherty, J., dismissed the plaintiffs' CT Page 8546 original negligence action, Hall v. Bender, Docket No. 146340, due to improper service of process. Thereafter, the plaintiffs brought the current action pursuant to the accidental failure of suit statute, General Statutes § 52-592. The defendants then moved to dismiss the complaint on the grounds that plaintiff failed to make proper service of process on the defendants.[1]
The plaintiffs argue that service of process was proper because they delivered the writ, summons, and complaint to the marshal on December 26, 2000, which was within one year of the "determination of the original action," as required by § 52-592. The plaintiffs argue that because the court gave notice of its decision to the parties on December 27, 1999, the delivery of the complaint to the marshal on December 26, 2000 was within the time period required by § 52-592. Thereafter, the marshal served Bender in hand on January 9, 2000. This was within fifteen days of receiving the writ, summons, and complaint, pursuant to General Statutes § 52-593a.[2] The defendants dispute the plaintiffs' claim and argue that the "determination of the original action" was on December 23, 1999, when the court dismissed the first action. As a result, when the plaintiffs delivered the complaint to the marshal on December 26, 2000, they were beyond the one year deadline imposed by § 52-592. In response, the plaintiffs argue that the "determination of the original action" is the day the court gives notice of its decision, not the day it actually makes its decision.
The accidental failure of suit statute, § 52-592, states in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . or for any matter of form, the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
"Preliminarily, it is important to note that a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section 52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense. . . . The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, therefore [s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment." (Internal quotation marks omitted.) Henriquez v.Allegre, Superior Court, judicial district, Docket No. 503860 (Dec. 12, 2000, Shapiro, J.); see also Armenis v. Brennan, Dichter, Brennan CT Page 8547Comerford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333713 (February 13, 1997, Maiocco, J.). However, the Supreme Court has held that a trial court may properly consider a motion to dismiss based on the statute of limitations pursuant to § 52-592 when the plaintiff does not object to the motion to dismiss as the proper procedural vehicle. See Capers v. Lee, 239 Conn. 265, 269-70 n. 9,684 A.2d 696 (1996). Because the plaintiffs have not objected to the use of this motion to determine whether this action is saved by § 52-592, the court will decide this motion on the merits.
The primary issue that the court must address is whether the statutory language, "one year after the determination of the original action," as provided for in § 52-592, should be interpreted as meaning one year after the court gives notice of its decision or as meaning one year from the date of its decision. In this case, the court dismissed the original action on December 23, 1999 due to lack of proper service, and the notice of the court's judgment was sent to the parties on December 27, 1999. (Defendant's Exhibit — notice of judgment.)
Currently, there does not appear to be any appellate authority on this particular point. In addition, the Superior Court decisions that have confronted this issue have handed down conflicting opinions. For example, in Srager v. Koenig, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 359868 (April 14, 1999, Skolnick,J.), and Gulycz v. Sandpiper Dunes Ltd., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 580905 (March 9, 1999, Fineberg, J.), the court held that the date of "determination" was the date on which the original action failed. In Henriquez v.Allegre, Superior Court, judicial district of New Britain at New Britain, Docket No. 500386 (December 12, 2000, Shapiro, J.), and Moralesv. Medina, Superior Court, judicial district of Hartford at Hartford, Docket No. 590718 (November 3, 1999, Beach, J.), the court held that the date of determination in § 52-592 was the date the court sent out notice of its decision.
The most relevant appellate authority concerning this issue is Russellv. Thomas O'Connor Co., 42 Conn. App. 345, 679 A.2d 420 (1996), wherein the Appellate Court addressed the meaning of "one year after the termination of the original action," as provided in General Statutes § 52-593.[3] The court held that "one year after termination of the original action," means that "the one year period in which to file a new action under § 52-593 begins when notice is issued that the original action has been terminated." Id., 347. The court noted that "[i]t is axiomatic that the right to bring a new action under § 52-593 assumes that the party who is to exercise the right be given the opportunity to know that the original action has been terminated." Id., 347-48. See also CT Page 8548Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276,281, 487 A.2d 559 (1985) ("[t]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue")
Although § 52-593 and § 52-592 are different statutes, the purpose and language of both statutes are analogous. See Morales v.Medina, supra, Superior Court, Docket No. 590718 (stating that "[t]he purpose and language of § 52-593 are closely analogous to those of § 52-592"). For example, both are saving statutes that refer back to the original action. See Martin v. Bristol Associates, 22 Conn. App. 625,626, 577 A.2d 1138 (1990) ("[b]oth statutes clearly require that the new action be commenced within one year after the determination or termination of the original action"); see also Pirone v. New EnglandRailroad Construction Co., Superior Court, judicial district of Danbury, Docket No. 305438 (March 10, 1993, Fuller, J.).
In addition, both § 52-593 and § 52-592 are intended "to avoid the hardships arising from an unbending enforcement of limitation statutes. . . . [Both statutes] should be liberally interpreted . . . and should be so construed as to advance the remedy rather than to retard it." (Citations omitted; internal quotation marks omitted.) Costello v.Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268834 (November 16, 1999, Jones, J.); see also Burnham v.Pierre, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519308 (February 22, 1994, Espinosa, J.); Morrisseyv. Board of Education, 40 Conn. Sup. 266, 268, 491 A.2d 1126 (1985).
The court is also persuaded by the Superior Court "s decision inMorales v. Medina, supra, Superior Court, Docket No. 590718, where the court applied the Russell holding to § 52-592, and noted that "[s]ection 17-4 of the Practice Book is closely related to § 52-592
of the General Statutes, and § 17-4 specifically states that the time in which to file a motion to open shall not begin to run until notice is sent." The court stated that "[t]here is nothing inherently or necessarily inconsistent in recognizing one date as the date of judgment, in the sense that the rights of the parties are fixed with regard to that proceeding, and recognizing another date as the touchstone for measuring subsequent periods in which to appeal, file motions to open or extend statutes of limitations." Id.
In this case, the court gave notice of its determination of the original action on December 27, 1999, and the plaintiffs delivered the complaint to the marshal on December 26, 2000. (Butler Aff. ¶¶ 4-5.) CT Page 8549 Because the plaintiffs delivered the complaint to the marshal within the time period required by § 52-592, service of process on Bender was proper and the motion to dismiss with regard to Jeffrey Bender is denied. The motion to dismiss is granted with regard to defendant, James Watson.
CHASE T. ROGERS, J.