[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On January 29, 2001, the plaintiffs, John and Karen Hammond, commenced the present action against the defendant, Thomas Pickett, for injuries they sustained on July 19, 1998, when their motor vehicle collided with an automobile owned and operated by the defendant. On May 5, 2000, the plaintiffs had previously commenced an action against their own insurance company, Nationwide Mutual Fire Insurance (Nationwide), to claim benefits under the uninsured motorist coverage. On July 9, 2001, the court in that action granted Nationwide's motion for summary judgment because the alleged tortfeasor, the defendant in this action, was in fact covered by insurance on the date of the accident, and the plaintiffs did not, therefore, have a viable uninsured motorist action against Nationwide. The defendant Thorns Pickett filed a motion for summary judgment in the present action asserting that this action is barred by the statute of limitations as set forth in General Statutes § 52-584.
The purpose of a motion for summary judgment is to "eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279 567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving part is entitled to judgment as a CT Page 15460 matter of law." Practice Book § 17-49. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal ParkLtd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
The defendant argues that the court should grant his motion for summary judgment on the ground that the plaintiffs' action is barred by the statute of limitations set forth in General Statutes § 52-584, which requires the plaintiffs to bring their negligent tort action within two years from the date of the injury.[1] It is not disputed that more than two years had elapsed from the date of the accident on July 19, 1998, before the plaintiffs brought this action on January 29, 2001.
The plaintiffs do not dispute the running of the two year limitation under General Statutes § 52-584. They argue, however, that the otherwise untimely action is saved by General Statutes § 52-593, which provides, in relevant part, "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action." It is not disputed that the plaintiffs failed to obtain judgment in their lawsuit against Nationwide and it is not disputed that the plaintiffs' present action was timely brought within one year after the termination of their prior action against Nationwide.
The defendant argues that the plaintiffs are not entitled to the benefit of § 52-593 because the failure in their lawsuit against Nationwide was not a failure to "name the right person as a defendant" within the meaning of § 52-593. It was not a failure to name the right defendant within the meaning of § 52-593 because the plaintiffs knew then that the defendant here was the alleged tortfeasor and there was no mistake as to the identity of the alleged tortfeasor. The plaintiffs' mistake, according to the defendant, was as to their tactical considerations or legal theory. In response, relying on such cases asMorrissey v. Board of Education, 40 Conn. Sup. 266, 268, 491 A.2d 1126
(1985), the plaintiffs argue that § 52-593 is remedial in nature and should be liberally construed. When liberally construed, the plaintiffs CT Page 15461 argue that § 52-593 saves their action against the defendant "to avoid the hardships arising from an unbending enforcement of limitation statutes." Morrissey v. Board of Education, supra, 40 Conn. Sup. 268, quoting Gallo v. G. Fox Co., 148 Conn. 327, 329, 170 A.2d 724 (1961) (referring to the remedial purpose of General Statutes § 52-592, the companion statute to remedy "accidental failure of suit").
Furthermore, the plaintiffs argue that their failure to name Pickett here as a defendant in their action against Nationwide stemmed from a reasonable and honest mistake, a mistake made in good faith. Specifically, the plaintiffs argue that the evidence submitted by them shows that they made a great effort in trying to determine whether the defendant had auto insurance coverage, that they had reason to believe that the defendant had auto insurance coverage, and, that they were genuinely unable to determine the fact of whether the defendant had auto insurance despite their best efforts.[2] The plaintiffs argue that § 52-593 should apply in their case since the mistake was as to the fact of whether the defendant had auto insurance and the mistake was reasonable and honest.
"Our Supreme Court has recognized that § 52-593 applies only in circumstances in which the plaintiff's original action failed by reason of naming, in fact, the wrong defendant; that is, in cases in which the naming of the wrong defendant was the product of a reasonable and honest mistake of fact as to the identity of the truly responsible individual. See Perzanowski v. New Britain, 183 Conn. 504, 507, 440 A.2d 763 (1981); see also Veasichio v. Hollenbeck, 18 Conn. App. 515, 520, 558 A.2d 686
(1989)." (Emphasis supplied). Isidro v. State, 62 Conn. App. 545, 549-550
(2001).
In the present case, there was not a mistake in fact as to the identity of the responsible party because the identity of the defendant, Thomas Pickett, was known at the time the suit against Nationwide was instituted.
Accordingly, § 52-593 is not applicable and Summary Judgment may enter for the defendant.
RUSH, J.